UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ADIRONDACK INSURANCE EXCHANGE,

        Plaintiff,

    v.

HSBC BANK, USA, N.A. ISAOA;
STEVEN A. BRESLER; and GERRY-LYNN STOHR
a/k/a or f/k/a GERRY-LYNN BRESLER,

        Defendants.

**ANSWER WITH COUNTERCLAIM AND CROSS-CLAIM**

1:23-cv-01397-TJM/DJS

---

Defendant, HSBC Bank, USA, N.A. ("HSBC Bank"),[1] answering the Complaint of Plaintiff, Adirondack Insurance Exchange ("Plaintiff"), states as follows upon information and belief:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

    2.    With respect to paragraph 2 of the Complaint, states that its correct name is "HSBC Bank, USA, N.A.," that it is a National Association organized under the laws of the United States, that the state listed in its articles of association as the state where its main office is located is Virginia; and otherwise denies the allegations in paragraph 2 of the Complaint.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

---

[1] Plaintiff has named "HSBC Bank USA, N.A. ISAOA" as a defendant in this action. The acronym "ISAOA" stands for "its successors and/or assigns" in connection with the insurance policy giving rise to this action.

       4.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

       5.       Paragraph 5 of the Complaint sets forth a legal conclusion to which no response is required.

       6.       Paragraph 6 of the Complaint sets forth a legal conclusion to which no response is required.

       7.       Paragraph 7 of the Complaint sets forth a legal conclusion to which no response is required.

       8.       Paragraph 8 of the Complaint sets forth a legal conclusion to which no response is required.

       9.       Paragraph 9 of the Complaint sets forth a request that the Court declare the respective interests of each party to the insurance proceeds at issue herein to which no response is required.  HSBC further states that it is entitled to all such insurance proceeds.

       10.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

       11.       Paragraph 11 of the Complaint refers to and summarizes a document; HSBC Bank refers to that document for its complete and accurate content and meaning.

       12.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

       13.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint refers to and summarizes a document; HSBC Bank refers to that document for its complete and accurate content and meaning.

16. Paragraph 16 of the Complaint refers to a document; HSBC Bank refers to that document for its complete and accurate content and meaning.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint refers to a document; HSBC Bank refers to that document for its complete and accurate content and meaning.

20. Paragraph 20 of the Complaint refers to an insurance policy; HSBC Bank refers to that document for its complete and accurate content and meaning.

21. Paragraph 21 of the Complaint refers to an insurance policy; HSBC Bank refers to that document for its complete and accurate content and meaning; and further admits the allegations in paragraph 21 that it is a mortgagee under the Subject Policy and states that HSBC Bank is entitled to coverage under the Subject Policy for the loss at issue in this action.

22. Admits the allegations in paragraph 22 of the Complaint.

23. Admits the allegations in paragraph 23 of the Complaint.

24. Admits the allegations in paragraph 24 of the Complaint.

25. Admits the allegations in paragraph 25 of the Complaint, and further states that the Subject Policy serves as separate and additional collateral for the indebtedness.

26. Admits the allegations in paragraph 26 of the Complaint.

27. Admits the allegations in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint purports to quote from an insurance policy; HSBC Bank refers to that document for its complete and accurate content and meaning, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. HSBC Bank repeats and realleges its responses to the referenced paragraphs.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, but states that HSBC Bank's right to coverage is not affected by the alleged acts of Mr. Bresler and that HSBC Bank is entitled to all proceeds of the Subject Policy for damages to the Subject Property.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, but states that HSBC Bank's right to coverage is not affected by the alleged acts of Mr. Bresler and that HSBC Bank is entitled to all proceeds of the Subject Policy for damages to the Subject Property.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint sets forth an alleged entitlement to declaratory relief to which no response is required; to the extent a response is required,

HSBC Bank states that the Court should issue a declaratory judgment in accordance with its counterclaim and cross-claim asserted below.

34. Paragraph 34 of the Complaint sets forth an alleged entitlement to declaratory relief to which no response is required; to the extent a response is required, HSBC Bank states that the Court should issue a declaratory judgment in accordance with its counterclaim and cross-claim asserted below.

35. Paragraph 35 of the Complaint sets forth a reservation of rights to which no response is required; to the extent a response is required, HSBC Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and states further that HSBC Bank has an independent insurable interest in the Subject Property and is entitled to all proceeds of the Subject Policy for damages to the Subject Property.

36. HSBC Bank repeats and realleges its responses to the referenced paragraphs.

37. Paragraph 37 of the Complaint purports to quote from and summarize the terms of an insurance policy; HSBC Bank refers to that document for its complete and accurate content and meaning, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint refers to an insurance policy; HSBC Bank refers to that document for its complete and accurate content and meaning, and further states that HSBC Bank also has an interest under the Subject Policy.

40. Paragraph 40 of the Complaint purports to quote from and summarize the terms of an insurance policy; HSBC Bank refers to that document for its complete and accurate content and meaning, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and states further that HSBC Bank has an independent insurable interest in the Subject Property and is entitled to all proceeds of the Subject Policy for damages to the Subject Property.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint refers to an insurance policy; HSBC Bank refers to that document for its complete and accurate content and meaning, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint sets forth a legal conclusion to which no response is required; to the extent a response is required, HSBC Bank denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and states further that HSBC Bank has an independent insurable interest in the Subject Property and is entitled to all proceeds of the Subject Policy for damages to the Subject Property.

44. Admits the allegations in paragraph 44 of the Complaint and states that HSBC Bank has an interest in the dwelling under the Subject Policy and that it is entitled to all proceeds of the Subject Policy for damages to the Subject Property.

45. Admits the allegations in paragraph 45 of the Complaint and states further that HSBC Bank has an interest in the Subject Property under the Subject Policy and that it is entitled to all proceeds of the Subject Policy for damages to the Subject Property.

46. Paragraph 46 of the Complaint sets forth a legal conclusion to which no response is required; to the extent a response is required, HSBC Bank denies the allegations in paragraph 46 of the Complaint, and states further that HSBC Bank has a separate insurable interest in the Subject Property and that it is entitled to all proceeds of the Subject Policy for damages to the Subject Property.

47. Admits the allegations in paragraph 47 of the Complaint.

48. Admits the allegations in paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint sets forth a legal conclusion to which no response is required; to the extent a response is required, HSBC Bank states that it has an insurable interest in Subject Property and that it is entitled to all proceeds of the Subject Policy for damages to the Subject Property.

50. Paragraph 50 of the Complaint sets forth a legal conclusion to which no response is required; to the extent a response is required, HSBC Bank states that it has an insurable interest in Subject Property and that it is entitled to all proceeds of the Subject Policy for damages to the Subject Property.

51. Paragraph 51 of the Complaint sets forth an alleged entitlement to declaratory relief to which no response is required; to the extent a response is required, HSBC Bank states that the Court should issue a declaratory judgment in accordance with its counterclaim and cross-claim asserted below.

52. Paragraph 52 of the Complaint sets forth an alleged entitlement to declaratory relief to which no response is required; to the extent a response is required, HSBC Bank states that the Court should issue a declaratory judgment in accordance with its counterclaim and cross-claim asserted below.

53. HSBC Bank repeats and realleges its responses to the referenced paragraphs.

54. Paragraph 54 of the Complaint purports to quote from and summarize the terms of an insurance policy; HSBC Bank refers to that document for its complete and accurate content and meaning, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint purports to summarize the terms of an insurance policy; HSBC Bank refers to that document for its complete and accurate content and meaning, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint purports to quote from and summarize the terms of an insurance policy; HSBC Bank refers to that document for its complete and accurate content and meaning, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint purports to summarize the terms of an insurance policy; HSBC Bank refers to that document for its complete and accurate content and meaning, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint sets forth a legal conclusion to which no response is required; to the extent a response is required, HSBC Bank denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint sets forth an alleged entitlement to declaratory relief to which no response is required; to the extent a response is required, HSBC Bank states that the Court should issue a declaratory judgment in accordance with its counterclaim and cross-claim asserted below.

63. Paragraph 63 of the Complaint sets forth an alleged entitlement to declaratory relief to which no response is required; to the extent a response is required, HSBC Bank states that the Court should issue a declaratory judgment in accordance with its counterclaim and cross-claim asserted below.

64. Denies all other allegations of Plaintiffs' Complaint that were not expressly admitted.

## COUNTERCLAIM
(Declaratory Judgment as against Plaintiff)

and

## CROSS-CLAIM
(Declaratory Judgment as against defendants Steven A. Bresler and
Gerry-Lynn Stohr a/k/a or f/k/a Gerry-Lynn Bresler)

65. In March 2007, defendants Steven A. Bresler and Gerry-Lynn Stohr a/k/a or f/k/a Gerry-Lynn Bresler (together, "Defendants") borrowed $650,000.00 from HSBC Mortgage Corporation (USA).

66. As evidence of their indebtedness, Defendants executed a promissory note (the "Note") in which they agreed to repay the loan, with interest.

67. Defendant's obligation to repay the Note is secured by a mortgage (the "Mortgage"), which encumbers the real property commonly known as 3 Rock Ledge Road in the Town of Woodstock, Ulster County, New York (the "Subject Property").

68. Among other things, the Mortgage requires Defendants to obtain hazard insurance to cover all buildings and other improvements on the Subject Property against loss or damage caused by fire and that includes a "Standard Mortgage Clause" requiring that the policy name the lender, its successors and/or assigns, as mortgagee and/or as an additional loss payee.

69. The hazard insurance required by the Mortgage serves as additional collateral for repayment of Defendants' indebtedness under the Note, which is separate from the collateral of the Mortgage itself.

70. The Note and Mortgage were assigned to HSBC Bank in June 2016.

71. Defendants defaulted under the terms of the Note and Mortgage, and remain in default.

72. On December 28, 2018, HSBC Bank commenced an action to foreclose the Mortgage, which remains pending.

73. Upon information and belief, plaintiff Adirondack Insurance Exchange ("Adirondack") issued a Homeowners Policy of insurance, policy number 2003603388, to Steven A. Bresler as the named insured for the policy period March 21, 2022 to March 21, 2023 ("Subject Policy"), with respect to the Subject Property.

74. Adirondack also issued to Mr. Bresler a renewal policy for the 2023-2024 period.

75. As required by the Mortgage, HSBC Bank, its successors and/or assigns, are named as mortgagee and/or as additional loss payee on the Subject Policy and the renewal policy.

76. HSBC Bank has a separate insurable interest in the Subject Property, not dependent upon whether coverage is available to Defendants.

77. Rescission of the Subject Policy as to Defendants does not rescind the Subject Policy as to HSBC Bank or otherwise impair HSBC Bank's rights under the Subject Policy.

78. Upon information and belief, on or about October 5, 2022, there was a fire at the Subject Property which caused significant damage to the Subject Property.

79. Defendants' outstanding indebtedness to HSBC Bank exceeds the cost to repair the Subject Premises.

80. Under New York Real Property Law § 254(4), where, as here, there is a loss caused by fire and the borrower is in default of his or her obligations in connection with a loan secured by a mortgage, the lender is entitled to receive the entirety of the insurance proceeds and apply those proceeds to reduce the borrower's indebtedness to the lender.

81. HSBC Bank is entitled to exclusive control over the insurance proceeds under the Subject Policy for damages to the Subject Property and is entitled to apply those proceeds to reduce the indebtedness owed by Defendants to HSBC Bank.

82. There exists a bona fide justiciable and substantial controversy between the parties, who have adverse legal interests as to their present or prospective obligations.

83. A declaratory judgment would serve a useful purpose in clarifying or settling the legal issues between the parties, finalize the controversy, and offer relief from uncertainty.

84. HSBC Bank is entitled to a declaratory judgment declaring: (1) that HSBC Bank has a separately insurable interest in the Subject Property; (2) that any misrepresentation, failure to disclose, or other act by Defendants that may void coverage for Defendants under the Subject Policy does not impair HSBC Bank's right to coverage under the Subject Policy; (3) that HSBC Bank has a recovery interest under the Subject Policy as a result of the damages to the Subject Property from the October 2022 fire; (4) determining the amount of damages to the Subject Property and the amount that Adirondack must pay to HSBC Bank under the Subject Policy; and (5) to the extent Defendants have any rights under the Subject Policy, that HSBC Bank has the exclusive right to receive and control the

insurance proceeds for damages to the Subject Property and is entitled to apply those proceeds to Defendants' indebtedness under the Note.

WHEREFORE, defendant, HSBC Bank, demands judgment denying the relief requested in Plaintiff's Complaint, granting the declaratory relief sought in its counterclaim and cross-claim asserted herein, and awarding HSBC Bank its reasonable costs and attorneys' fees, together with such other and further relief as the Court deems just, equitable and proper.

Dated: January 23, 2024

PHILLIPS LYTLE LLP

By: /s/ Ryan A. Lema
    Sean C. McPhee (514977)
    Ryan A. Lema (519652)
Attorneys for Defendant
*HSBC Bank USA, N.A.*
One Canalside
125 Main Street
Buffalo, New York  14203
Telephone No. (716) 847-8400
smcphee@phillipslytle.com
rlema@phillipslytle.com

TO:    HURWITZ FINE, P.C.
        Scott D. Storm, Esq.
        Attorneys for Plaintiff
        *Adirondack Insurance Exchange*
        1300 Liberty Building
        424 Main Street
        Buffalo, New York 14202
        Telephone No. (716) 849-8900
        sds@hurwitzfine.com

        LAW OFFICE OF CRAIG A. BLUMBERG
        Craig A. Blumberg, Esq.
        Attorney for Defendant
        *Steven A. Bresler*
        15 Maiden Lane
        New York, NY 10038
        Telephone No. (212)346-0808
        craig@lawofficecab.com

- 14 -

Gerry-Lynn Stohr
3116 W. Debazan Ave
St. Pete Beach, FL 33706
(and via CM/ECF upon appearance)

Doc #11621174