UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ADIRONDACK INSURANCE EXCHANGE,

                      Plaintiff,

vs.

HSBC BANK, USA, N.A. ISAOA;
STEVEN A. BRESLER; and GERRY-LYNN STOHR
a/k/a or f/k/a GERRY-LYNN BRESLER.

                      Defendants.

**Plaintiff's Answer to Defendant Steven Bresler's Counterclaim**

Docket No. 1:23-cv-01397(TJM)(DJS)

---

        Plaintiff, ADIRONDACK INSURANCE EXCHANGE ("Adirondack"), by and through its attorneys, HURWITZ FINE, P.C., as and for its Answer to Defendant Steven Bresler's Counterclaim, alleges upon information and belief, as follows:

        1.     With respect to the allegations contained in paragraph "64", of the Counterclaim, Adirondack admits that it issued a Homeowners Policy of insurance, policy number 2003603388, to Steven A. Bresler as the named insured for the policy period March 21, 2022 to March 21, 2023 ("Subject Policy"), with respect to the 3 Rock Ledge Road, Woodstock, New York 12498 ("Subject Property"), the terms, provisions, exclusions, conditions and limitations of which policy speak for themselves, are incorporated herein by reference, as if fully set forth herein, and are for this Court's legal interpretation, where appropriate.  A copy of the Subject Policy is attached as **Exhibit A** and is incorporated by reference as if fully set forth herein.

        2.     With respect to the allegations contained in paragraph "65", of the Counterclaim, Adirondack admits that on or about October 5, 2022, Mr. Bresler experienced a fire at the Subject Property causing damage to the Dwelling and Personal Property and otherwise denies having knowledge or information sufficient to form a belief as to the remaining allegations

contained within said paragraph due to, among other things, ambiguous language.

3. Denies having knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "66" of the Counterclaim and asserts that it states a conclusion of law and Adirondack refers all issues of law to the Court for determination.

4. With respect to the allegations contained in paragraphs "67" and "69" of the Counterclaim, Adirondack admits that it received notice of the fire, claim and some of the alleged damages and otherwise denies having knowledge or information sufficient to form a belief regarding the allegations contained in said paragraphs.

5. With respect to the allegations contained in paragraph "68", of the Counterclaim, Adirondack denies having knowledge or information sufficient to form a belief as to the allegations contained within said paragraph due to, among other things, ambiguous language.

6. Denies the allegations contained in paragraphs "70", "71" and "72" of the Counterclaim and repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in its Complaint.

7. Declines to answer the "Wherefore" clause, as it does not contain traversable allegations against or with respect to the Plaintiff and/or merely characterizes Defendant's alleged defenses and states conclusions of law and Adirondack refers all issues of law to the Court for determination. To any extent that an answer is arguably necessary, Adirondack denies the allegations contained in said "Wherefore", clause.

8. Denies each and every allegation the Counterclaim not heretofore controverted.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. The Counterclaim fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. Recovery by the answering Defendant Steven Bresler is precluded due to material misrepresentations and/or concealment in the application for insurance and/or underwriting process of the Subject Policy. The misrepresentations and concealment constitute both a breach of the policy conditions, as well as a common law defense based upon principles of contract law. The policy conditions include the "HOMEOWNERS SPECIAL FORM", policy form HO 3000 01 06, as amended by the "SPECIAL PROVISIONS – NEW YORK", policy form SH 01 31 08 12, "SECTION I AND SECTION II – CONDITIONS", "Concealment Or Fraud". Adirondack repeats, realleges and incorporates by reference all of the allegations of its Complaint as if fully set forth herein. Adirondack incorporates by reference as if fully set forth herein the Subject Policy, attached as **Exhibit A**.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11. Coverage is precluded under the Subject Policy of insurance for the answering Defendant Steven Bresler for, among other things, any one or more reasons set forth in Adirondack's Complaint, the allegations of which are fully repeated, realleged and incorporated by reference as if fully set forth herein.

## AS AND FOR AN FOURTH AFFIRMATIVE DEFENSE

12. Answering Defendant Steven Bresler has failed to mitigate his alleged damages.

13. Answering Defendant Steven Bresler has breached the policy conditions, "HOMEOWNERS SPECIAL FORM", policy form HO 3000 01 06, "SECTION I – CONDITIONS", "B. Duties After Loss", 4.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. Upon information and belief, in the event that the answering Defendant Steven Bresler is successful in securing a judgment against Adirondack, any recovery is limited pursuant

to the terms, provisions, limitations, exclusions and conditions of the Subject Policy of insurance, a representative copy of which is attached as **Exhibit A** and which is incorporated by reference as if fully set forth herein.  This includes, but is not necessarily limited to, the "HOMEOWNERS SPECIAL FORM", policy form HO 3000 01 06, "SECTION I – CONDITIONS", "A. Insurable Interest And Limit Of Liability"; "C. Loss Settlement"; and "K. Mortgage Clause".

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. Defendant Gerry-Lynn Stohr's a/k/a or f/k/a Gerry-Lynn Bresler ("Gerry-Lynn Stohr") interest in the Subject Property (Dwelling and/or Personal Property), if any, is not covered under the Subject Policy of insurance.  A copy of the Subject Policy is attached as **Exhibit A** and is incorporated by reference as if fully set forth herein.

16. Gerry-Lynn Stohr, is not covered under the Subject Policy of insurance for, among other things, any one or more reasons set forth in Adirondack's Complaint, the allegations of which are fully repeated, realleged and incorporated by reference as if fully set forth herein.

17. Gerry-Lynn Stohr is not covered under the Subject Policy as she is not a named insured on the policy.  Furthermore, she does not qualify as an "insured" as that term is defined anywhere in the Subject Policy.  This includes but is not limited to the HOMEOWNERS SPECIAL FORM", policy form HO 3000 01 06, "DEFINITIONS", A., defining "you and your", and B. "5. 'Insured' means:…".

18. The Subject Property does not constitute a "residence premises" for Gerry-Lynn Stohr as that term is defined in the policy, "HOMEOWNERS SPECIAL FORM", policy form HO 3000 01 06, "DEFINITIONS", "11. Residence Premises", which is a prerequisite to

coverage under the insuring agreement, "SECTION I – PROPERTY COVERAGES", "A. Coverage A – Dwelling", 1., a.

WHEREFORE, Plaintiff, Adirondack Insurance Exchange, demands judgment as follows:

    A.    dismissing the Counterclaim herein;

    B.    declaring that the answering Defendant Steven Bresler is precluded from coverage under the Subject Policy of insurance;

    C.    declaring that the Defendant Gerry-Lynn Stohr a/k/a or f/k/a Gerry-Lynn Bresler is precluded from coverage under the Subject Policy of insurance;

    C.    limiting any recovery by the answering Defendant Steven Bresler pursuant to the terms and provisions of the Subject Policy of insurance;

    D.    awarding to Adirondack attorneys' fees, costs, and disbursements in defending against the Counterclaim; and

    F.    for such other and further relief as to this Court may seem just, proper, and equitable.

Plaintiff reserves the right to assert any additional affirmative defenses which discovery reveals to be appropriate.

DATED:    Buffalo, New York
             February 5, 2024

                              HURWITZ FINE, P.C.

                              Scott D. Storm, Esq. (502692)
                              *Attorneys for Plaintiff*
                              *ADIRONDACK INSURANCE EXCHANGE*
                              1300 Liberty Building
                              424 Main Street

Buffalo, New York 14202
(716) 849-8900
sds@hurwitzfine.com

cc: Craig A. Blumberg
Law Office of Craig A. Blumberg
*Attorney for Defendant*
*Steven A. Bresler*
15 Maiden Lane
New York, NY 10038
Phone: (212)346-0808
craig@lawofficecab.com

Ryan A. Lema
Phillips Lytle, LLP
*Attorneys for HSBC Bank, USA, N.A. ISAOA*
One Canalside
125 Main Street
Buffalo, N.Y. 14203
relma@phillipslytle.com

Gerry-Lynn Stohr
1056 21st Avenue
Saint Petersburg, FL 33704