UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

ADIRONDACK INSURANCE EXCHANGE,

                              Plaintiff,

    vs.

HSBC BANK, USA, N.A. ISAOA;
STEVEN A. BRESLER; and GERRY-LYNN STOHR
a/k/a or f/k/a GERRY-LYNN BRESLER.

                              Defendants.
─────────────────────────────────────────

**Plaintiff's Answer to Defendant HSBC Bank's Counterclaim**

Docket No. 1:23-cv-01397(TJM)(DJS)

Plaintiff, ADIRONDACK INSURANCE EXCHANGE ("Adirondack"), by and through its attorneys, HURWITZ FINE, P.C., as and for its Answer to Defendant HSBC Bank, USA's, N.A. ISAOA ("HSBC") Counterclaim, alleges upon information and belief, as follows:

1.    Declines to answer paragraphs "65", "66", "67", "68", "69", "70", "71", "72" and "79" of the Counterclaim as they do not contain traversable allegations against or with respect to the Plaintiff and/or merely characterize HSBC's alleged defenses. To any extent that an answer is arguably necessary, Adirondack denies having knowledge or information sufficient to form a belief regarding the allegations contained in said paragraphs.

2.    With respect to the allegations contained in paragraph "73", "74" and "75" of the Counterclaim, Adirondack admits that it issued a Homeowners Policy of insurance, policy number 2003603388, to Steven A. Bresler as the named insured for the policy period March 21, 2022 to March 21, 2023 ("Subject Policy"), with respect to the 3 Rock Ledge Road, Woodstock, New York 12498 ("Subject Property"), upon which HSBC is named as mortgagee, the terms, provisions, exclusions, conditions and limitations of which policy speak for themselves, are incorporated herein by reference, as if fully set forth herein, and are for this Court's legal

1

interpretation, where appropriate.  A copy of the Subject Policy is attached as **Exhibit A** and is incorporated by reference as if fully set forth herein.

3.      Declines to answer paragraphs "76", "77", "80" and "81" of the Counterclaim as they do not contain traversable allegations against or with respect to the Plaintiff and/or merely characterize HSBC's alleged defenses and asserts that said paragraphs state conclusions of law and Adirondack refers all issues of law to the Court for determination.

4.      With respect to the allegations contained in paragraph "78", of the Counterclaim, Adirondack admits that on or about October 5, 2022, Mr. Bresler experienced a fire at the Subject Property causing damage to the Dwelling and Personal Property and otherwise denies having knowledge or information sufficient to form a belief as to the remaining allegations contained within said paragraph.

5.      Declines to answer paragraphs "82" and "83" of the Counterclaim as they do not contain traversable allegations against or with respect to the Plaintiff and/or merely characterize HSBC's alleged defenses. To any extent that an answer is arguably necessary, Adirondack admits the allegations contained in said paragraphs.

6.      Declines to answer paragraphs "84" of the Counterclaim as it does not contain traversable allegations against or with respect to the Plaintiff and/or merely characterize HSBC's alleged defenses. To any extent that an answer is arguably necessary, Adirondack asserts that said paragraph states conclusions of law and Adirondack refers all issues of law to the Court for determination and otherwise denies having knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

7.      Declines to answer the "Wherefore" clause, as it does not contain traversable allegations against or with respect to the Plaintiff and/or merely characterizes Defendant's

alleged defenses and states conclusions of law and Adirondack refers all issues of law to the Court for determination.  To any extent that an answer is arguably necessary, Adirondack denies the allegations contained in said "Wherefore" clause.

8.   Denies each and every allegation the Counterclaim not heretofore controverted.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

9.   The Counterclaim fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

10.   Upon information and belief, answering Defendant HSBC is precluded from coverage under the Subject Policy for all of the reasons coverage is precluded to defendant Steven Bresler.  All of Adirondack's affirmative defenses asserted by it in response to Steven Bresler's Counterclaim are reasserted, alleged and incorporated by reference as if fully set forth herein.  This includes but is not limited to coverage being precluded to HSBC due to the material misrepresentations and/or concealment in the application for insurance and/or underwriting process of the Subject Policy by defendant Steven Bresler.   The misrepresentations and concealment constitute both a breach of the policy conditions, as well as a common law defense based upon principles of contract law.  The policy conditions include the "HOMEOWNERS SPECIAL FORM", policy form HO 3000 01 06, as amended by the "SPECIAL PROVISIONS – NEW YORK", policy form SH 01 31 08 12, "SECTION I AND SECTION II – CONDITIONS", "Concealment Or Fraud".   In addition, HSBC breached the "SECTION I – CONDITIONS", "K. Mortgage Clause" of the policy, policy form HO 3000 01 06, by, among other things, failing to notify Adirondack of a substantial change in risk of which it was aware.  The allegations of Adirondack's Complaint are fully repeated, realleged and incorporated by reference as if fully set forth herein.  Adirondack incorporates by reference as if fully set forth herein the Subject Policy,

attached as **Exhibit A**.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

11.     Upon information and belief, in the event that the answering Defendant HSBC is successful in securing a judgment against Adirondack, any recovery is limited pursuant to the terms, provisions, limitations, exclusions and conditions of the Subject Policy of insurance, a representative copy of which is attached as **Exhibit A** and which is incorporated by reference as if fully set forth herein.  This includes, but is not necessarily limited to, the "HOMEOWNERS SPECIAL FORM", policy form HO 3000 01 06, "SECTION I – CONDITIONS", "A. Insurable Interest And Limit Of Liability"; "C. Loss Settlement"; and "K. Mortgage Clause".

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

12.     Upon information and belief, in the event that the answering Defendant HSBC is successful in securing a judgment against Adirondack, any recovery is limited by the amount of defendant Steven Bresler's interest in the Subject Property at the time of the loss.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

13.     Upon information and belief, in the event that the answering Defendant HSBC is successful in securing a judgment against Adirondack it may not recover to the extent of Defendant Gerry-Lynn Stohr's a/k/a or f/k/a Gerry-Lynn Bresler ("Gerry-Lynn Stohr") interest in the Subject Property as Gerry-Lynn Stohr is not covered under the Subject Policy of insurance for, among other things, any one or more reasons set forth in Adirondack's Complaint, the allegations of which are fully repeated, realleged and incorporated by reference as if fully set forth herein.  A representative copy of which is attached as **Exhibit A** and is incorporated by reference as if fully set forth herein.

14.     Gerry-Lynn Stohr is not covered under the Subject Policy as she is not a named

4

insured on the policy.  Furthermore, she does not qualify as an "insured" as that term is defined anywhere in the Subject policy.  This includes but is not limited to the HOMEOWNERS SPECIAL FORM", policy form HO 3000 01 06, "DEFINITIONS", A., defining "you and your", and B. "5. 'Insured' means:…".

15.    The Subject Property does not constitute a "residence premises" for Gerry-Lynn Stohr as that term is defined in the policy, "HOMEOWNERS SPECIAL FORM", policy form HO 3000 01 06, "DEFINITIONS", "11. Residence Premises", which is a prerequisite to coverage under the insuring agreement, "SECTION I – PROPERTY COVERAGES", "A. Coverage A – Dwelling", 1., a.

WHEREFORE, Plaintiff, Adirondack Insurance Exchange, demands judgment as follows:

A.    dismissing the Counterclaim herein;

B.    declaring that the answering Defendant HSBC is precluded in whole or in part from coverage under the Subject Policy of insurance;

C.    limiting any recovery by the answering Defendant HSBC pursuant to the terms and provisions of the Subject Policy of insurance;

D.    awarding to Adirondack attorneys' fees, costs, and disbursements in defending against the Counterclaim; and

F.    for such other and further relief as to this Court may seem just, proper, and equitable.

Plaintiff reserves the right to assert any additional affirmative defenses which discovery reveals to be appropriate.

DATED:    Buffalo, New York
         February 5, 2024

**HURWITZ FINE, P.C.**

_____
Scott D. Storm, Esq. (502692)
*Attorneys for Plaintiff*
*ADIRONDACK INSURANCE EXCHANGE*
1300 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 849-8900
sds@hurwitzfine.com

cc:     Ryan A. Lema
        Phillips Lytle, LLP
        *Attorneys for HSBC Bank, USA, N.A. ISAOA*
        One Canalside
        125 Main Street
        Buffalo, N.Y. 14203
        relma@phillipslytle.com

        Craig A. Blumberg
        Law Office of Craig A. Blumberg
        *Attorney for Defendant*
        *Steven A. Bresler*
        15 Maiden Lane
        New York, NY 10038
        Phone: (212)346-0808
        craig@lawofficecab.com

        Gerry-Lynn Stohr
        1056 21st Avenue
        Saint Petersburg, FL 33704