UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――

ADIRONDACK INSURANCE EXCHANGE,

                          Plaintiff,

       vs.                                           Civ. No.: 1:23-cv-1397-TJM/DJS

HSBC BANK, USA, N.A. ISAOA;
STEVEN A. BRESLER; and GERRY-LYNN STOHR
a/k/a or f/k/a GERRY-LYNN BRESLER.

                          Defendants.

―――――――――――――――――――――――――

**MEMORANDUM OF LAW IN OPPOSITION TO HSBC'S MOTION AND IN SUPPORT OF ADIRONDACK INSURANCE EXCHANGE'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Respectfully submitted,

HURWITZ FINE P.C.
*Attorneys for Plaintiff*
*Adirondack Insurance Exchange*
The Liberty Building
424 Main Street, Suite 1300
Buffalo, New York 14202
(716) 849-8900

## TABLE OF CONTENTS

*Page*

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ................................................................................................2

SUMMARY JUDGMENT STANDARD ........................................................................2

ARGUMENT .....................................................................................................................4

POINT I          HSBC HAS A SUPERIOR RIGHT OF RECOVERY TO
                 MR. BRESLER........................................................................................4

POINT II         HSBC IS LIMITED IN ITS RECOVERY UNDER THE
                 SUBJECT POLICY TO MR. BRESLER'S INTEREST
                 IN THE SUBJECT PROPERTY .............................................................5

POINT III        CONSTRUCTION OF THE INSURANCE CONTRACT ....................8

POINT IV         MS. STOHR'S INTEREST IN THE SUBJECT PROPERTY
                 IS NOT COVERED UNDER THE POLICY ..........................................9

POINT V          MR. BRESLER'S INTEREST IN THE PROPERTY IS ONE-HALF .................12

CONCLUSION.................................................................................................................18

# TABLE OF AUTHORITIES

*Cases*                                                                                                                                    *Page Nos.*

*Azzato v. Allstate Ins. Co.,* 99 A.D.3d 643, 648, 951 N.Y.S.2d 726 (2d Dept. 2012) ............11, 13

*BMW Fin. Servs. v. Hassan*, 273 A.D.2d 428, 429, 710 N.Y.S.2d 607 (NY 2000) .....................11

*Casey v. Gen. Acc. Ins. Co.*, 178 A.D.2d 1001, 1002 (4th Dept. 1991) .......................................8, 9

*Cassadei v. Nationwide Mut. Fire Ins. Co.*, 21 A.D.3d 681, 682 (3rd Dept. 2005) ......................10

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ......................................................................3

*Chase's Cigar Store v. Stam Agency*, 281 A.D.2d 911, 912 (4th Dept. 2001) ...............................7

*Converse v. State Farm Fire & Cas. Co.*, 681 F Supp 3d 4, 24 (NDNY 2023) .....................11, 14

*Cornellier v. American Casualty Co.,* 389 F.2d 641, 644 (2d Cir.1968).........................................9

*D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) ..................................................3

*DeForte v. Allstate Ins. Co.,* 81 A.D.2d 465, 468 (4th Dept. 1981) ...............................................8

*Duane Reade, Inc.* at 389 ................................................................................................................8

*Eisner v Aetna Cas. & Sur. Co.,* 141 Misc. 2d 744, 745 (Sup Ct, NY County 1988) ...............7, 14

*Fritz v. Edward A. Kurmel Brokerage, Ltd.*, 219 A.D.3d 1489, 1490 (2nd Dept. 2023)...............11

*Fry v. Hartford Ins. Co.*, 2011 WL 1672474, at *1 (WDNY 2011)................................................2

*Gilbert v. Allstate Ins. Co.,* 95 A.D.3d 1072 (2d Dept. 2012) ................................................12, 17

*Goldman v. Goldman*, 95 N.Y.2d 120, 121 (2000)........................................................................16

*Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996)....................................................3

*Grady v. Utica Mut. Ins. Co.*, 419 N.Y.S.2d 565, 569 (2nd Dept. 1979)........................................4

*Graziane v National Sur. Corp.*, 120 AD2d 773, 775, 501 NYS2d 232 [1986]................12, 13, 14

*Gui's Lumber & Home Center, Inc.*, 55 A.D.3d 1389, 1390 (4th Dept. 2008) ...............................7

*Hall v. Mountain Valley Indem. Co.*, 2024 WL 2943747, at *3 (S.D.N.Y. 2024).........................3

*Harrison v. L. A. De Luke Co.*, 35 Misc 2d 39 (Schenectady County Ct. 1962)...........................16

*Hartwig v. American Ins. Co. of City of Newark*, 169 App.Div. 60, 154 N.Y.S. 801, 803)............4

*Harvey v. Cherry*, 76 NY 436.......................................................................................................14

*Hedtcke v Sentry Ins. Co.*, 109 Wis 2d 461, 486-487, supra ......................................................13

*Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).......................................................................3

*Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)................................................3

*Jennings v. Decker*, 359 F. Supp. 3d 196, 204 (NDNY. 2019......................................................3

*Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996)............................................................3

*Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252, 479 NYS2d 992 [1984]..............................12, 13

*Leavitt-Berner Tanning Corp. v American Home Assur. Co.*, 129 AD2d 199,
   lv denied 70 NY2d 609 ..............................................................................................................6

*Loblaw, Inc. v. Employers' Liab. Assur. Corp.*, 85 A.D.2d 880, 881 (4th Dept. 1981)..................9

*Madhvani v. Sheehan*, supra, at 655, 650 N.Y.S.2d 490 ...............................................................7

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ....................3

*Matter of Reynolds*, 40 A.D.3d 320 (1st Dept 2007)....................................................................16

*Mejia v. QBE Ins. Corp.*, 60 Misc. 3d 1218(A) (N.Y. Sup. Ct. 2018)..........................................4

*Michigan Millers Mut. Ins. Co. v. Christopher*, 66 A.D.2d 148, 151 (4th Dept. 1979) .................8

*National Filtering Oil Co. v. Citizens' Ins. Co. of Missouri*, 106 N.Y. 535, 541, 13 N.E. 337 .....10

*Neary v Tower Ins.*, 94 AD3d 725, 726 (2d Dept 2012)..............................................................11

*Nicholas J. Masterpol, Inc. v. Travelers Ins. Cos.*, 273 A.D.2d 817, 818, 711 N.Y.S.2d 88 .........7

*N.Y. Fed. Sav. & Loan Ass'n. v. Griggs,* 204 N.Y.S.2d 647 (S. Ct., Westchester Co. 1960)........16

*Riggs v. Commercial Mut. Ins. Co.*, 125 N.Y. 7, 12 (1890) .......................................................14

*Savarese v. Ohio Farmers' Ins. Co*., 260 N.Y. 45, 53 (1932)..........................................................5

*Scarola v. Insurance Co. of N. Am*., 31 N.Y.2d 411, 412–413, 340 N.Y.S.2d 630,
   292 N.E.2d 776 [1972]...........................................................................................10, 14

*Stainless, Inc. v. Empls. Fire Ins. Co*., 69 A.D.2d 27, 31 (1st Dept 1979) ...................................11

*State v. Home Indem. Co*., 66 N.Y.2d 669, 671 (1985) .................................................................8

*Steigler v Insurance Co. of North Amer*., 384 A2d 398 [Del] ......................................................13

*St. Paul Fire & Mar. Ins. Co v Molloy*, 291 Md 139, supra .........................................................13

*Syracuse Sav. Bank v. Yorkshire Ins. Co*., 301 N.Y. 403, 407 (1950)........................................4, 17

*U.S. Fid. & Guar. Co. v. Annunziata*, 67 N.Y.2d 229, 232 (1986) ...............................................8

*Vilagy v. Associated Mut. Ins. Co*., 165 A.D.2d 616, 618 (4th Dept. 1991).....................5, 6, 8, 18

*V.R.W., Inc. v. Klein*, 68 N.Y.2d 560, 562 (1986) ......................................................................15

*Waring v. Loder*, 53 N. Y. 581 .....................................................................................................5

*Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ....................................................................3

*Zises v. N.Y. Cent. Mut. Fire Ins. Co*., 116 A.D.3d 950, 950-951 (2d Dept. 2014).....................11

## *Rules/Statutes*                                                                    *Page Nos.*

Fed. R. Civ. P. 56..................................................................................................1, 2, 3, 18

Fed. R. Civ. P. 56(c)(1)(A) ............................................................................................4

Insurance Law § 3401 ....................................................................................5, 9, 10, 12

## <u>PRELIMINARY STATEMENT</u>

Adirondack Insurance Exchange submits this memorandum of law in opposition to defendant's, HSBC BANK, USA, N.A. ISAOA ("HSBC"), motion for partial summary judgment and in support of Adirondack's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56.

This motion presents the issue: where a co-owner/mortgagor of a property insures his interest under a policy of fire insurance but a second co-owner/mortgagor fails to insure her interest in the property, after the property is damaged by fire what interest does the named mortgagee have under the policy? Answer: the mortgagee has a superior interest to the named insured but its recovery under the policy is limited to the named insured's interest, which is one-half as co-owner.

HSBC's interest in the insurance policy proceeds for the damage to 3 Rock Ledge Road, Woodstock, New York ("Subject Property") as a result of the fire is superior to that of the named insured defendant Steven Bresler's ("Mr. Bresler"). However, HSBC's interest is limited to that of Mr. Bresler's, fifty percent.

Mr. Bresler is the sole named insured on the policy with Adirondack. Pursuant to prevailing New York law, the Adirondack policy of insurance and the terms of the Marital Agreement between Mr. Bresler and his former spouse, Gerry-Lynn Stohr ("Ms. Stohr"), Mr. Bresler's interest in the property is one half. The Subject Policy expressly insures only Mr. Bresler's interest in the property. Ms. Stohr is a stranger to the policy and has no right of recovery under it. As such, her one-half interest is not insured under the Adirondack policy.

HSBC may not recover more on the policy than the interest of the named insured, Mr. Bresler. Accordingly, HSBC is limited in its recovery under the policy to fifty percent of the damage under Coverage A-Dwelling.

Plaintiff Adirondack Insurance Exchange, respectfully requests that this Court issue an Order granting its motion for partial summary judgment pursuant to Fed. R. Civ. P. 56 against defendants HSBC, Mr. Bresler; and Ms. Stohr, declaring that:

a)  Ms. Stohr has no right of recovery under the Subject Policy of Insurance;

b)  Mr. Bresler's insurable interest under the subject policy is limited to his interest in the subject property, which is fifty percent of the value of the damage under Coverage A – Dwelling;

c)  Mr. Bresler is precluded from recovery under the policy as HSBC Bank, as mortgagee, has a superior right of recovery over Mr. Bresler and the amount owed on the mortgage is greater than the amount of recovery under the policy;

d)  HSBC Bank's insurable interest under the subject policy may not exceed the interest of the named insured Mr. Bresler and, therefore, it is limited in its recovery under the subject policy to fifty percent of the value of the damage under Coverage A – Dwelling; and

e)  granting to Adirondack Insurance Exchange other, further and/or different relief as the Court deems just, equitable, and proper, including costs and disbursements.

## **STATEMENT OF FACTS**

The relevant facts of this motion are set forth in the accompanying declaration of John Tonelli and the Statement of Undisputed Material Facts, as well as the attorney declaration, including exhibits attached thereto and documents referred to therein, all of which are incorporated by reference as if fully set forth herein.

## **SUMMARY JUDGMENT STANDARD**

An entry of summary judgment is warranted when the pleadings and discovery together with affidavits, show there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. *Fry v. Hartford Ins. Co.,* 2011 WL 1672474, at *1 (WDNY 2011);

Fed. R. Civ. P. 56.  A fact is material if it might affect the outcome of the suit under the governing law and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Jennings v. Decker*, 359 F. Supp. 3d 196, 204 (NDNY. 2019).

The movant bears the initial burden of proof, which then shifts to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

> If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). It may not rely on "mere speculation or conjecture as to the true nature of the facts," *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted), or "on the allegations in [its] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible," *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citation omitted). Rather, to survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), and demonstrating more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). [Brackets in original].

*Hall v. Mountain Valley Indem. Co.,* 2024 WL 2943747, at *3 (S.D.N.Y. 2024).  *See also*, *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) (nonmoving party must offer "some hard evidence showing that [his] version of the events is not wholly fanciful").

Thus, "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).  The non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-moving party has failed to make a sufficient showing of an essential element of his case, then the movant is entitled to judgment as a matter of law. *Celotex Corp.* at 323.

## ARGUMENT

## POINT I

## HSBC HAS A SUPERIOR RIGHT OF RECOVERY TO MR. BRESLER

The Subject Policy states that any loss payable under Coverage A – Dwelling will be paid to the named insured and the mortgagee "as interests appear."  "*Homeowners Special Form",* policy form no. HO3000 01 06, "SECTION I – CONDITIONS", "K. Mortgage Clause", 1. (Tonelli Decl. Exhibit A).

"It is well settled in this and most other States that a mortgagee clause in a standard form policy creates an *independent* insurance of the mortgagee's interest just as if he had received a separate policy from the company but without any inconsistent or repugnant conditions imposed upon the owner and free from invalidation by the latter's 'act or neglect' [italics in original]". *Syracuse Sav. Bank v. Yorkshire Ins. Co.,* 301 N.Y. 403, 407 (1950).

The standard mortgagee clause creates priority of payment to the mortgagee first and then the balance, if any, is payable to the property owner.

> However, this does not mean that a policy containing the standard mortgagee clause permits two complete recoveries for the same loss. It merely requires that the insurer first make payment of the loss to the mortgagee to the extent of his interest in the property and then pay the balance of the loss, if any, to the mortgagor, so long as the latter is not in default of any of the conditions of the policy (*Hartwig v. American Ins. Co. of City of Newark,* 169 App.Div. 60, 62-63, 154 N.Y.S. 801, 803).

*Grady v. Utica Mut. Ins. Co*., 419 N.Y.S.2d 565, 569 (2nd Dept. 1979).  *See also*, *Mejia v. QBE Ins. Corp.*, 60 Misc. 3d 1218(A) (N.Y. Sup. Ct. 2018) (the mortgagee "has a superior right to any insurance proceeds" and the property owner has no interest in the policy proceeds where the mortgagee's interest exceeds the amount of the claim).

> When we further analyze the terms of the policy and the situation of the mortgagee, reason also points to the conclusion that when a fire occurs the insurance company must pay the loss to the mortgagee in accordance with its contract with him. The mortgagor benefits by such payment as the insurance money reduces the amount of

4

the mortgage debt. (*Waring* v. *Loder*, 53 N. Y. 581.) The value taken out of the property by the fire is taken off the mortgage by the payment of the insurance money, and the parties remain in the same relative position after as before the fire.

*Savarese v. Ohio Farmers' Ins. Co.*, 260 N.Y. 45, 53 (1932).

## POINT II

## HSBC IS LIMITED IN ITS RECOVERY UNDER THE SUBJECT POLICY TO MR. BRESLER'S INTEREST IN THE SUBJECT PROPERTY

HSBC is limited in its recovery under the policy to Mr. Bresler's interest in the Subject Property.

As stated by the Court in *Vilagy v. Associated Mut. Ins. Co.*, 165 A.D.2d 616, 618 (4th Dept. 1991), "a named mortgagee can never possess an insurable interest greater than that of the named insured. To permit such a result would change the policy from one of indemnity to one of a wagering contract." This is the controlling New York law on the issue.

In examining Insurance Law § 3401, the *Vilagy* Court recognized that "[t]he amount recoverable under a fire insurance policy is limited by the insurable interest of the named insured". *Vilagy* at 619. As in *Vilagy*, the policy language in this case implements the limitation of liability set forth in the statute -- the policy's "SECTION I – CONDITIONS", "A. Insurable Interest And Limit Of Liability", 1., of the "*HOMEOWNERS SPECIAL FORM*", policy form no. HO 3000 01 06 (Tonelli Decl., Exhibit A), which states that "Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss: 1. To an 'insured' for more than the amount of such insured's' interest at the time of loss…" (Tonelli Decl. ¶ 33).

The *Vilagy* Court held that "[t]o hold that plaintiffs mortgagees are entitled to recover the full amount of their loan, while the tenant-named insured is entitled to a far less recovery, would violate the above principle". *Id.* "An insurer ought to know with whom it is dealing and just whose interest is being protected". *Vilagy* at 619-20.

Following the reasoning and language of the *Vilagy* decision, in the case at bar the interests of the co-owner/co-mortgagor, Ms. Stohr, are not protected directly or indirectly under the policy of insurance.  She could have, and apparently once had, but was canceled, taken out a policy of insurance that protected her interest and that of HSBC as her mortgagee.  For some unknown reason, she allowed that policy to be cancelled and chose not to replace the coverage (Tonelli Decl., ¶ 15).

HSBC has been aware of the divorce and that Mr. Bresler and Ms. Stohr have been living separately.  Among other things, in response to discovery demands, HSBC produced hardship letters from Mr. Bresler and Ms. Stohr explaining their situation dated as far back as 2012 (Tonelli Decl., ¶ 27, Exhibit E).

In addition, HSBC has been paying for the policy for many years.  Among other things, in response to discovery demands HSBC produced Mortgagee Certificates (equivalent of a declarations page issued to an insured but to a mortgagee), which provides policy information. HSBC provided these in its discovery responses from as far back as 2018.  The certificates clearly only list Steven A Bresler under "Insured", and not Ms. Stohr.  (Tonelli Decl., ¶ 20, Exhibit E).

HSBC failed to recognize the gap in coverage and to protect its interests to recover the full amount of the damages.

> Plaintiffs-mortgagees, as part of the terms of the mortgage, required the owner-mortgagor to provide them with an insurance policy that protected both the owner-mortgagor and their rights as mortgagees. For over two years they had in their possession a policy that failed to satisfy the requirements of the terms of the mortgage, yet did nothing to correct the error. Because the plaintiffs failed to correct the error, they should not now be heard to complain *(see, Leavitt-Berner Tanning Corp. v American Home Assur. Co.*, 129 AD2d 199, *lv denied* 70 NY2d 609). There is no compelling reason to require the defendant to pay the balance of the mortgage merely to correct the errors of the parties to the mortgage.

*Vilagy* at 619-20.

6

Receipt of the Mortgagee Certificate provides conclusive presumptive notice that Ms. Stohr is not a named insured on the policy. *See Chase's Cigar Store v. Stam Agency*, 281 A.D.2d 911, 912 (4th Dept. 2001). In that case the Appellate Division said,

> The declarations pages setting forth the policy's coverages and limits afforded plaintiff an opportunity to review the policy limits and request additional coverage if so desired (*see, Madhvani, supra,* at 655, 650 N.Y.S.2d 490). "The final decision maker in a risk management situation is ultimately the insured who has the option to forego or obtain additional insurance coverage, which in this case would have required an additional premium" (*Madhvani v. Sheehan, supra,* at 655, 650 N.Y.S.2d 490).

*See also, Madhvani v Sheehan*, 234 A.D.2d 652, 654-655 (3rd Dept. 1996) ("The declaration page with the policy's limits sent to plaintiff in early March 1992 afforded plaintiff an opportunity to review the policy limitations and request additional coverage"). Similarly, in *Gui's Lumber & Home Center, Inc.*, 55 A.D.3d 1389, 1390 (4th Dept. 2008), the court held that:

> The express terms of that policy provide that PLM did not insure the collapsed building at the time of the loss, and "[p]laintiff is charged with conclusive presumptive knowledge of the terms and limits of [the policy], thus defeating [its action for negligence against Ulrich] as a matter of law" [citations omitted]…We likewise conclude that plaintiff's receipt of the PLM policy bars the action against PLM, inasmuch as "[p]laintiff had conclusive presumptive knowledge of the terms of the policy prior to the loss and took no action to close the gap in coverage" (*Nicholas J. Masterpol, Inc. v. Travelers Ins. Cos.,* 273 A.D.2d 817, 818, 711 N.Y.S.2d 88).

*See also, Eisner v Aetna Cas. & Sur. Co.*, 141 Misc. 2d 744, 745 (Sup Ct, NY County 1988) ("When the plaintiff received this and previous policies containing his name only listed as the insured, he did not contact the insurance company to correct it, nor did he request Theodore Associates, the insurance broker, to include the name Michael Gonzales.").

The import is clear, to allow HSBC to recover the full amount of the Coverage A - Dwelling damages under the Adirondack policy, would impermissibly include its interest as mortgagee of Ms. Stohr who is a stranger to the insurance contract and has no right of recovery under it. If

HSBC recovers the full amount of Coverage A - Dwelling damage, Ms. Stohr's uninsured interest is then in effect fully recovered under the policy which expressly does not and was never intended to insure her. This clearly creates an inequitable result and windfall for HSBC, which the *Vilagy* court recognized flouts the general principles of indemnity insurance.

## POINT III

## CONSTRUCTION OF THE INSURANCE CONTRACT

Where terms in a policy are not defined, case law is clear they should be interpreted and enforced according to their plain and ordinary meaning. *Michigan Millers Mut. Ins. Co. v. Christopher,* 66 A.D.2d 148, 151 (4th Dept. 1979). *See also, U.S. Fid. & Guar. Co. v. Annunziata,* 67 N.Y.2d 229, 232 (1986); and *Duane Reade, Inc.* at 389 ("In construing insurance policies, 'words should be given the meanings ordinarily ascribed to them and absurd results should be avoided'").

> A policy must be read in a practical way, not so as to revise and extend the risk but with a view toward what was reasonably intended when the policy was written by defendant and accepted by plaintiff. Thus, in the final analysis reasonableness is the test to be applied— "what meaning do the words convey as understood in their plain, popular and ordinary sense (citations omitted)—and from the viewpoint of the average man [citations omitted].

*DeForte v. Allstate Ins. Co.,* 81 A.D.2d 465, 468 (4th Dept. 1981).

Pursuant to the instruction of the Court of Appeals, the Court bears the responsibility of determining the rights and obligations of parties under insurance contract based on the specific language of the policy. *State v. Home Indem. Co.,* 66 N.Y.2d 669, 671 (1985). *See also, Casey v. Gen. Acc. Ins. Co.,* 178 A.D.2d 1001, 1002 (4th Dept. 1991).

"Wherever possible, operation, effect and meaning must be given to every sentence, clause and word of an insurance policy, with reasonable effort made to harmonize and give effect to all

parts of the contract [citation omitted]."

"Additionally, in interpreting such provision, the contract must be read as a whole to determine what the parties must have reasonably intended by its terms [citation omitted]". *Loblaw, Inc. v. Employers' Liab. Assur. Corp.,* 85 A.D.2d 880, 881 (4th Dept. 1981), *aff'd.*, 57 N.Y.2d 872 (1982). "Nevertheless, '[a] court may neither make nor vary an insurance contract by extending coverage beyond the fair intent and meaning of the agreement, and the liability of the insurer cannot be enlarged by implication beyond the express terms of the contract' [citation omitted]". *Casey v. Gen. Acc. Ins. Co.,* at 1002. "Finally, it is not the function of a court to rewrite insurance policies so as to provide coverage which the court might have considered more equitable." *Cornellier v. American Casualty Co.,* 389 F.2d 641, 644 (2d Cir.1968).

The Subject Policy anticipates situations where more than one person may have an interest in the Subject Property with the other party's interest not being insured, thereby limiting recovery to the insured's interest.  See  the Tonelli Decl., Exhibit A, "*HOMEOWNERS SPECIAL FORM*", policy form no. HO 3000 01 06, "SECTION I – CONDITIONS", "A. Insurable Interest And Limit Of Liability", which states that, "Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss: 1.  To an 'insured' for more than the amount of such 'insured's' interest at the time of loss…" (Tonelli Decl. ¶ 33).  As such, the policy expressly limits the recovery for Coverage A - Dwelling to Mr. Bresler's interest in the property and must be enforced as written.

## POINT IV
### MS. STOHR'S INTEREST IN THE SUBJECT PROPERTY IS NOT COVERED UNDER THE POLICY

Ms. Stohr has an economic interest in the safety or preservation of the property at issue and, therefore, has an insurable interest in the property pursuant to Insurance Law § 3401.

In order to have an "insurable interest," an individual must be:

So situated as to be liable to loss if [the property is] destroyed by the peril insured against' " or that his interest in the property is " 'connected with its safety and situation as will cause the insured to sustain direct loss from its destruction" (quoting *Scarola v. Insurance Co. of N. Am.,* 31 N.Y.2d 411, 412–413, 340 N.Y.S.2d 630, 292 N.E.2d 776 [1972], quoting *National Filtering Oil Co. v. Citizens' Ins. Co. of Missouri,* 106 N.Y. 535, 541, 13 N.E. 337 [1887]; *see* Insurance Law § 3401).

*Cassadei v. Nationwide Mut. Fire Ins. Co.*, 21 A.D.3d 681, 682 (3rd Dept. 2005).

Ms. Stohr is named on the mortgage and on the deed (Tonelli Decl., ¶¶ 12 and 16, Exhibit C; and exhibits A and B to the Declaration of Sasko S. Popovski submitted in support of HSBC's motion, these two exhibits are incorporated by reference as if fully set forth and attached hereto). Additionally, pursuant to the Marital Agreement, "ARTICLE 4: REAL PROPERTY", "4.4 Payment of Expenses/Sale of Property" (Tonelli Decl., ¶ 24, Exhibit C;), upon sale of the property the net proceeds are to be divided equally, subject to adjustment for any increased equity resulting from payments made by either party as set forth in the agreement. Finally, she is named as a defendant in the foreclosure action and is actively defending that action (Tonelli Decl. ¶ 26).

However, Ms. Stohr is not covered under the Subject Policy with Adirondack as she is not a named insured (Tonelli Decl. ¶¶ 33-35). She does not qualify as an "insured" as that term is defined anywhere in the Subject Policy. This includes but is not limited to the "*HOMEOWNERS SPECIAL FORM*", policy form HO 3000 01 06, "DEFINITIONS", A., defining "you" and "your", and B. "5. 'Insured' means:…" (Tonelli Decl. ¶¶ 34).

The Subject Property does not constitute a "residence premises" for Ms. Stohr as that term is defined in the policy, "*HOMEOWNERS SPECIAL FORM*", policy form HO 3000 01 06, "DEFINITIONS", "11. Residence Premises", which is a prerequisite to coverage under the insuring agreement, "SECTION I – PROPERTY COVERAGES", "A. Coverage A – Dwelling",

10

1., a. (Tonelli Decl. ¶¶ 33).  Ms. Stohr was not residing in the Subject Property at the time of the fire and has not been since at least prior to 2013 (Tonelli Decl., ¶ 35, Exhibit B, pp. 10-11, 13). *See, i.e.*, *Fritz v. Edward A. Kurmel Brokerage, Ltd.,* 219 A.D.3d 1489, 1490 (2nd Dept. 2023); *Zises v. N.Y. Cent. Mut. Fire Ins. Co.*, 116 A.D.3d 950, 950-951 (2d Dept. 2014); and *Neary v Tower Ins.*, 94 AD3d 725, 726 (2d Dept 2012).

As stated by the Court in *Stainless, Inc. v. Empls. Fire Ins. Co.*, 69 A.D.2d 27, 31 (1st Dept 1979) (even though plaintiffs had an insurable interest in the property, the policy expressly covered only the named assured, and there was no express intention in the policy to benefit plaintiffs, who were strangers to the contract):

> The existence of an insurable interest, however, is not of itself sufficient to confer benefits under a policy extending coverage for property damage. Resort must be had to the terms of the policy to determine who is covered and the extent of coverage. Recognition of an insurable interest establishes only the existence of a legally recognizable interest which may be protected by insurance coverage.

*See also*, *Converse v. State Farm Fire & Cas. Co.*, 681 F Supp 3d 4, 24 (NDNY 2023).

In considering the same policy language as exists in the case at bar (Tonelli Decl. Exhibit A, "*HOMEOWNERS SPECIAL FORM*", policy form HO 3000 01 06, "SECTION I – CONDITIONS", "A. Insurable Interest And Limit Of Liability", 1.), the Northern District said in *Converse* at 26,

> In a case like this, where the policy states that "'[i]n the event of a covered loss, [the defendant] would] not pay for more than an insured person's insurable interest in the property covered,' . . . the insurable interest provision of the policy plainly limits the insured's recovery to the extent of that person's insurable interest." *Azzato v. Allstate Ins. Co.*, 99 A.D.3d 643, 648, 951 N.Y.S.2d 726 (2d Dept. 2012). Moreover, "'[a]n insurer undertakes a separate and distinct obligation to the various insured parties', and the insurable interest of each insured is treated as separate and distinct from the other insured parties' insurable interests." Id. at 649 (quoting *BMW Fin. Servs. v. Hassan*, 273 A.D.2d 428, 429, 710 N.Y.S.2d 607 (NY 2000)). Courts apply this rule to spouses, "and one spouse's contractual right under an insurance policy will be treated as distinct form (sic) the other spouse's rights under the policy." Id. at 649-50.

11

The policy issued by Adirondack does not express any intention to benefit Ms. Stohr. There exists no privity of contract between Ms. Stohr and Adirondack.  The provisions of the policy plainly designate only Mr. Bresler as an insured.  Ms. Stohr is a stranger to the contract and has no right to recover under it.  *Id.* at 34-35.

**POINT V**

**MR. BRESLER'S INTEREST IN THE PROPERTY IS ONE-HALF**

The Marital Agreement imposes no obligation on Mr. Bresler to insure the Subject Property for the benefit of Ms. Stohr, nor was he under any other such obligation (Tonelli Decl. ¶ 15).

Case law is clear that Mr. Bresler is limited in any recovery to one-half his interest in the property.  On point is *Gilbert v. Allstate Ins. Co.*, 95 A.D.3d 1072 (2d Dept. 2012).  In that case one of two co-owners of the property, Gilbert, procured a policy of fire insurance on the property in his name only.  After the property was destroyed by fire, the insurer paid Gilbert one-half of the value of the property on the ground that he had only one-half insurable interest in the property. Gilbert argued that he had an undivided right to full use, enjoyment and possession of the property and, therefore, should be permitted to recover the full value of the destroyed premises.  The Court disagreed holding:

> Insurance Law § 3401 limits a contract or policy of insurance to the insured's "insurable interest." When two cotenants own real property which is damaged by a fire and insurance is procured in the name of only one contenant, recovery under the policy is limited to the insured contenant's one-half interest in the real property (*see Graziane v National Sur. Corp.*, 120 AD2d 773, 775, 501 NYS2d 232 [1986]; *Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252, 479 NYS2d 992 [1984]).

*Id*. at 1073.

*See also, Graziane v. Natl. Sur. Corp.*, 120 A.D.2d 773 (3d Dept 1986), involving divorced spouses, in which the Court recognized their separate interests in the property and confirmed that

12

the wife "was to be paid for one half of the total exposure because her ownership interest in the property was one half of its total value". *Id.* at 774. "Here, the evidence before Special Term conclusively established that plaintiff owned one half of the insured property. The insurance policies provided coverage to the parties 'as their interest may appear'". *Id.* at 775. The Court affirmed the wife recovering her one-half interest and precluded recovery to the husband who failed to timely pursue his individual claim.

*Azzato v. Allstate Ins. Co.*, 99 A.D.3d 643, 649 (2d Dept 2012) is another case in which one of two co-owners insured his interest under a policy of insurance. The Court found the insured's insurable interest in the dwelling was limited to 50% of the value of the dwelling.

In *Krupp v. Aetna Life & Cas. Co.*, 103 A.D.2d 252, 258 (2d Dept 1984), in determining whether an innocent coinsured may recover under a contract of insurance covering property which has sustained a loss because of the willful act of the other insured, the Court said:

> Pursuant to this modern rule, the courts have generally looked to the language of the insurance policy and used traditional rules of contract construction to determine whether the rights of the insureds are joint or severable (*Hedtcke v Sentry Ins. Co.*, 109 Wis 2d 461, 486-487, *supra*), for example, construing the policy in the manner it would be comprehended by the reasonable man and interpreting ambiguous language in the contract most strongly against its insurer-author (see *Steigler v Insurance Co. of North Amer.*, 384 A2d 398 [Del]; *St. Paul Fire & Mar. Ins. Co. v Molloy*, 291 Md 139, *supra*). Thus, given the reasonableness of the expectation of an insured that his individual interest would be covered by a policy naming him as insured without qualification, a homeowners' policy which nowhere specified whether the interests of a named insured husband and wife in property held by both as tenants by the entirety were joint or several, would be construed as covering the interests of each separately, and alleged arson by the husband would not defeat the wife's right to recover on her interest, namely, one half of the total damages (*St. Paul Fire & Mar. Ins. Co. v Molloy, supra*).

Mr. Bresler has a one-half interest in the Subject Property.

Despite having been served, Ms. Stohr has not appeared in the litigation, nor has she ever made any claim to the insurance proceeds (Tonelli Decl. ¶ 11). As stated by the Court in *Graziane*

*v. Natl. Sur. Corp.*, 120 A.D.2d 773, 775 (3d Dept 1986), "Where one individual with an interest in property has obtained insurance to protect his interest and another person with an interest in the same property fails to protect his interest, the imprudent person who failed to obtain protection does not have a right to recover against the covered individual in the event the property is damaged or destroyed (*see, Harvey v. Cherry*, 76 NY 436)". *See also, Eisner v. Aetna Cas. & Sur. Co.*, 141 Misc 2d 744, 746 (Sup. Ct, NY Co. 1988).

To allow Mr. Bresler to recover on the policy Ms. Stohr's uninsured interest in the property is repugnant to the principles of indemnity upon which insurance coverage is based. It creates an inequitable windfall allowing him to recover her interest and turns the policy into a "wagering contract" with respect to her interest, which violates principals of indemnity, and can promote fraud. *Converse v. State Farm Fire & Cas. Co.*, 681 F Supp. 3d 4, 24 (NDNY 2023) ("It has long been the rule that, in order to prevent fraud and crime and to prohibit wagering contracts on property in which the insured possesses no interest, the lack of an insurable interest in the property insured renders the property insurance void and unenforceable [citation omitted]"). *See generally*, *Scarola v. Ins. Co. of N. Am.*, 31 N.Y.2d 411, 413 (1972) and *Riggs v. Commercial Mut. Ins. Co.*, 125 N.Y. 7, 12 (1890).

Based upon the well-settled case law, the answer here is a simple syllogism. Mr. Bresler's interest in the Subject Property is fifty percent. HSBC may recover no more than Mr. Bresler's interest in the property. HSBC's recovery is limited to fifty percent of the Coverage A - Dwelling damage.

The overwhelmingly favorable case law, as well as the facts of this particular case and under these unique circumstances, compel the conclusion that Mr. Bresler is limited in any potential recovery to fifty percent of the Coverage A – Dwelling damage. The Marital Agreement

14

states that upon the sale of the property, the net proceeds are to be divided equally.  This demonstrates the intent of Mr. Bresler and Ms. Stohr is that each has a divisible fifty-percent interest in the property.  Ms. Stohr once had her own policy of insurance but allowed it to be cancelled.  Mr. Bresler's policy with Adirondack clearly lists him as the only named insured.  As such, the equitable and legally appropriate answer is that Mr. Bresler's interest in the Subject Property is fifty percent.  Case law is clear that the mortgagee may never possess an insurable interest greater than that of the named insured.  Mr. Bresler is the sole named insured, Ms. Stohr's interest not being covered under the policy.  As such, HSBC's right of recovery under the policy is limited to fifty percent of Coverage A – Dwelling.  This conclusion is supported and compelled by case law, equity and logic.

The case law cited by HSBC is immediately distinguishable upon reviewing the cases as the decisions do not consider the issues this Court is called upon to decide and are not insurance property claim matters.  The case law cited above by Adirondack is authoritative and compelling, whereas the cases cited by HSBC are not.

Furthermore, the cases cited by HSBC serve to support Adirondack's position, that the interests of Mr. Bresler and Ms. Stohr are considered separately and divisible.  In *V.R.W., Inc. v. Klein*, 68 N.Y.2d 560, 562 (1986), the Court said, "we conclude that the dissolution of the tenancy by the entirety transforms the mortgagee's interests to the same extent that it transforms the interests of the principals and, more specifically that it extinguishes all previously existing rights of survivorship".  The court found that because the tenancy by the entirety had been dissolved, the mortgagee acquired the rights of an ordinary tenant in common, finding that the dissolution of the tenancy by the entirety transformed the mortgagee's interests to the same extent that it transformed the interests of the principals – the "mortgagee's rights in the property are essentially the same as

15

those possessed by the grantor or mortgagor…". *Id*. at 565. The mortgagee could therefore foreclose upon the landowner's husband's interest that he mortgaged. As such, this supports the conclusion that HSBC's interest in the policy proceeds may be no more than that of Mr. Bresler.

*Goldman v. Goldman*, 95 N.Y.2d 120, 121 (2000) has no relevance to the issues at bar (wife was legally entitled to mortgage her interest in the tenancy during the pending divorce action and while her interest in the property was dissolved by the divorce award, the mortgagee's interest was not impaired). In *N.Y. Fed. Sav. & Loan Ass'n. v. Griggs*, 204 N.Y.S.2d 647 (S. Ct., Westchester Co. 1960), the Court in cutting a "Gordian knot", recognized that due to a divorce the interests of a husband and wife were converted to a tenancy in common. It was ordered that the property be sold at foreclosure, with the distribution of the proceeds equitably divided pursuant to the facts of that particular case.

*Matter of Reynolds*, 40 A.D.3d 320 (1st Dept 2007) found that the right granted respondent under a trust, to reside in the residence property for as long as she desired, was not forfeited by her extensive stay out of state, and was not a life estate but did grant to fund a one-third undivided interest in the home and then directed that the trustees were to pay over and distribute the fund to respondent. There was no indication of a right of survivorship, and so respondent's interest was not a joint tenancy, but a tenancy in common, a fee simple interest.

*Harrison v. L. A. De Luke Co.*, 35 Misc 2d 39 (Schenectady County Ct. 1962) involves a petitioner tenant-in-common seeking to evict a respondent tenant, which was a tenant of the co-owners. The co-owners owned the property along with the tenant-in-common, and the co-owners were also co-tenants. The co-owners were engaged in business operations with the tenant whom the tenant-in-common sought to evict. The Court noted that a cotenant is "entitled to his 'just proportion' in an action against his cotenants. *Id.* at 40.

16

Although a tenant in common may possess an undivided one-half, this does not mean one co-owner may inequitably recover under a policy of insurance the second co-owner's uninsured interest. None of the cases cited by HSBC stand for this proposition. Rather, *Gilbert* and the other cases cited by Adirondack compel the conclusion that Mr. Bresler may not recover under the Adirondack policy Ms. Stohr's uninsured interest. Such is contrary to the express terms of the policy and creates an impermissible windfall for Mr. Bresler, turning the policy into a wagering contract to the extent of her interest.

The cases cited by HSBC in pages 9-11 of its memorandum of law are also inapposite. All of the cases cited by HSBC merely stand for the proposition that it has an insurable interest in the property. "It is well settled in this and most other States that a mortgagee clause in a standard form policy creates an *independent* insurance of the mortgagee's interest just as if he had received a separate policy from the company but without any inconsistent or repugnant conditions imposed upon the owner and free from invalidation by the latter's 'act or neglect' [italics in original]". *Syracuse Sav. Bank v. Yorkshire Ins. Co.,* 301 N.Y. 403, 407 (1950).

The mortgagee's right to recover is not affected by the "act or neglect" of the named insured. For example, a mortgagee's right of recovery is not affected by an insured intentionally burning the property. However, the policy's remaining terms, provisions, exclusions, limitations, etc., continue to apply to the mortgagee – "without any inconsistent or repugnant conditions imposed upon the owner". For example, a mortgagee may not recover more than the policy limit, the mortgagee may not recover for a loss excluded from coverage, etc.

Adirondack has not denied coverage to Mr. Bresler based on any alleged "act or neglect"[1].

---

[1] In its Complaint Adirondack had initially alleged preclusion of coverage due to material misrepresentations by Mr. Bresler in the application for insurance. However, during discovery these allegations were withdrawn. See Docket nos. 38, 39. As such, no coverage defenses are asserted precluding coverage to Mr. Bresler with respect to Coverage A – Dwelling. Rather, Adirondack asserts that he is limited in his recovery pursuant to the terms of the policy and the

Coverage exists under the policy for Coverage A – Dwelling to the extent of Mr. Bresler's and HSBC's interests in the Subject Property (Tonelli Decl. Exhibit A, See, "SECTION I – CONDITIONS", "A. Insurable Interest And Limit Of Liability", 1.; and "K. Mortgage Clause"; of the "*HOMEOWNERS SPECIAL FORM*", policy form no. HO 3000 01 06).  The controlling New York law as stated by the Court in *Vilagy* holds that "a named mortgagee can never possess an insurable interest greater than that of the named insured. To permit such a result would change the policy from one of indemnity to one of a wagering contract."  *Vilagy* at 618.  Mr. Bresler's recoverable interest in the Subject Property is limited to fifty percent.   As such, HSBC's recoverable interest in the Subject Property is fifty percent.

## CONCLUSION

Plaintiff Adirondack Insurance Exchange, respectfully requests that this Court issue an Order granting its motion for partial summary judgment pursuant to Fed. R. Civ. P. 56 against defendants HSBC Bank, USA, N.A. ISAOA, Steven A. Bresler; and Gerry-Lynn Stohr a/k/a or f/k/a Gerry-Lynn Bresler, declaring that:

a)  Ms. Stohr has no right of recovery under the Subject Policy of Insurance;

b)  Mr. Bresler's insurable interest under the subject policy is limited to his interest in the subject property, which is fifty percent of the value of the damage under Coverage A – Dwelling;

c)  Mr. Bresler is precluded from recovery under the policy as HSBC Bank, as mortgagee, has a superior right of recovery over Mr. Bresler and the amount owed on the mortgage is greater than the amount of recovery under the policy;

d)  HSBC Bank's insurable interest under the subject policy may not exceed the interest of the named insured Mr. Bresler and, therefore, it is limited in its recovery under the subject policy

---

mortgagee has a superior interest in recovery.

to fifty percent of the value of the damage under Coverage A – Dwelling; and

      e)  granting to Adirondack Insurance Exchange other, further and/or different relief as the

Court deems just, equitable, and proper, including costs and disbursements.

DATED:      Buffalo, New York
               March 13, 2025

      HURWITZ FINE P.C.

      _____
      Scott D. Storm, Esq. (502692)
      *Attorney for Plaintiff*
      *Adirondack Insurance Exchange*
      The Liberty Building
      424 Main Street, Suite 1300
      Buffalo, New York  14202
      (716) 849-8900
      sds@hurwitzfine.com

c:      Craig A. Blumberg
      Law Office of Craig A. Blumberg
      *Attorney for Defendant*
      *Steven A. Bresler*
      15 Maiden Lane
      New York, NY 10038
      Phone: (212)346-0808
      craig@lawofficecab.com

      Ryan A. Lema
      Phillips Lytle, LLP
      *Attorneys for HSBC Bank, USA, N.A. ISAOA*
      One Canalside
      125 Main Street
      Buffalo, N.Y. 14203
      relma@phillipslytle.com