# Law Office of Craig A. Blumberg, P.C.

Fifteen Maiden Lane
20th Floor
New York, New York 10038-4003

TELEPHONE (212) 346-0808
TELECOPIER (212) 346-0777

<u>Long Island Office</u>
393 JERICHO TURNPIKE
2nd FLOOR
MINEOLA, NEW YORK 11501

June 5, 2025

**Via ECF**
Honorable Daniel J. Stewart
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

       Re:    Adirondack v. HSBC Bank
               <u>Docket No.: 23 cv 01397 TJM-DJS</u>

Dear Judge Stewart:

    We represent defendant Steven Bresler in the above-captioned matter. We respectfully submit this letter to request a conference with the Court in light of a recent development that directly impacts the pending summary judgment motions.

    Attached for the Court's consideration is the decision of the Appellate Division, Third Department, in the underlying mortgage foreclosure action, HSBC Bank USA, N.A. v. Gerry Lynn Bresler, et al. Defendant moved for renewal of the appeal, which previously reversed the Supreme Court's December 15, 2021 decision granting summary judgment to defendants Gerry Lynn Bresler and Steven Bresler.

    The Appellate Division granted the motion to renew, vacated its prior decision, and held:

> "Thus, defendants' motion to renew is granted and this Court's previous decision is vacated. On the merits of the underlying appeal, pursuant to FAPA, defendants were entitled to summary judgment dismissing the complaint. Accordingly, we affirm the judgment of Supreme Court, albeit on different grounds."

    As a result of this ruling, HSBC Bank no longer holds a valid mortgage and, consequently, has no right of recovery under the insurance policy issued by Adirondack. We have notified all parties of the Appellate Division's decision and requested that the pending motions be withdrawn and that the parties stipulate to the dismissal of HSBC's claims. Defendant Bresler's opposition to HSBC's motion for summary judgment centered around the argument that the motion to renew was filed, the result of which would render HSBC's claim that they have an insurable interest invalid.

      We respectfully submit that a telephone conference with the Court would be beneficial to address this development and its impact on the pending motions.

                                  Respectfully,

                                  LAW OFFICE OF CRAIG A. BLUMBERG, P.C.

                                By: *Craig A. Blumberg*
                                       Craig A. Blumberg (CB 7166)

cc: All counsel via ecf

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION – THIRD DEPARTMENT
---------------------------------------------------------------------------X
HSBC BANK USA, NA ,

                      Plaintiff-Appellant,

    -against-

GERRY-LYNN BRESLER a/k/a GERRY LYNN STOHR and STEVEN BRESLER,

                      Defendants-Respondents

    – and –

"JOHN DOE #1-5" and "JANE DOE #1-5s, said names being fictitious,  it Being the intention of Plaintiff to designate any and all occupants,  tenants, persons or corporation, if any, having or claiming an  interest in or lien upon the premises being foreclosed herein,

                      Defendants.
---------------------------------------------------------------------------X

**NOTICE OF ENTRY**

Docket No:  534589

**Ulster County Supreme Court Index No. EF2018-4400**

    **PLEASE TAKE NOTICE** that annexed hereto is a true and accurate copy of the Order of the Appellate Division Third Department dated June 5, 2025 and entered on June 5, 2025 by the Clerk of the Appellate Division, Third Department.

Dated: Garden City, New York
        June 5, 2025

                                      **ROSENBERG FORTUNA & LAITMAN, LLP**

                      By:    *Anthony R. Filosa*
                              **ANTHONY R. FILOSA**
                              Attorneys for **Defendants-Respondents**
                              Gerry-Lynn Bresler a/k/a
                              Gerry Lynn Stohr and Steven Bresler
                              666 Old Country Road, Suite 810
                              Garden City, New York 11530
                              (516) 228-6666

# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: June 5, 2025          534589
_____

HSBC BANK, USA, N.A.,
                   Appellant,

    v

GERRY-LYNN BRESLER, Also        MEMORANDUM AND ORDER
    Known as GERRY-LYNN
    STOHR, et al.,
                   Respondents,
                   et al.,
                   Defendants.
_____

Calendar Date: April 14, 2025

Before: Aarons, J.P., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

_____

     *Fein, Such & Crane, LLP*, Westbury (*Michael S. Hanusek* of counsel), for appellant.

     *Blatchly & Simonson, PC*, New Paltz (*Anthony R. Filosa* of *Rosenberg Fortuna & Laitman, LLP*, Garden City, of counsel), for respondents.

_____

Fisher, J.

     Motion for renewal of an appeal from a judgment of the Supreme Court (James Gilpatric, J.), entered December 15, 2021 in Ulster County, which granted motions by defendants Gerry-Lynn Bresler and Steven Bresler for summary judgment dismissing the complaint against them.

-2-                                             534589

On March 16, 2007, defendants Gerry-Lynn Bresler and Steven Bresler (hereinafter collectively referred to as defendants) executed a note to borrow $650,000, secured by a mortgage against real property.[1] Defendants defaulted on their obligations under the note and, on November 13, 2012, Hudson City Savings Bank commenced an action against defendants to foreclose on the mortgage (hereinafter the first action). In November 2016, Supreme Court dismissed the action as abandoned and subsequently denied a motion to restore the case to the calendar. In September 2018, the mortgage servicer for plaintiff – now the holder of the note and mortgage – sent correspondence notifying defendants that it was de-accelerating the loan and reinstituting it as an installment loan. On December 28, 2018, plaintiff commenced the instant mortgage foreclosure action (hereinafter the second action), and defendants joined issue and asserted, among other affirmative defenses, that the action was barred by the statute of limitations (*see* CPLR 3211 [a] [5]). Defendants then moved for summary judgment dismissing the complaint against them asserting that the action was time-barred. Supreme Court found that the de-acceleration notices did not contain language that was clear and unambiguous, and that plaintiff had failed to establish that the letters of de-acceleration were sent to defendants. As such, the court granted defendants' motions based upon the conclusion that the loan was never de-accelerated, and therefore the second action was time-barred. Upon review, this Court reversed, holding that the de-acceleration notice was "sufficiently clear and unambiguous to be valid and enforceable" (212 AD3d 1, 5 [3d Dept 2022]). Relying on the Court of Appeals decision in *Freedom Mtge. Corp. v Engel* (37 NY3d 1, 32 [2021]), this Court also held that, because the de-acceleration occurred within the six-year statute of limitations period, the foreclosure was timely and thus, defendants' motion was denied (*id.* at 5-6).

Defendants now move to renew, contending that the enactment of the Foreclosure Abuse Prevention Act (hereinafter FAPA) is a change in law that requires reversal of our prior decision. Specifically, defendants claim that the second action is now barred by the statute of limitations because FAPA applies retroactively, and such law prohibits the reset of a statute of limitations by the unilateral act of a party such as by a de-acceleration letter. Plaintiff opposes, asserting that defendants could have raised the passage of FAPA prior to this Court's decision and their failure to do so should result in denial of their motion. Plaintiff also contends that FAPA cannot be applied retroactively. Defendants reply by highlighting that FAPA was not signed into law until after this Court's initial decision, and further contend that this Court and other departments of the Appellate

---

[1] In August 2012, the note and mortgage were assigned to Hudson City Savings Bank. In 2016, the mortgage was assigned from Hudson City Savings Bank to plaintiff.

-3-                                               534589

Division have already determined that FAPA applies retroactively, therefore the de-acceleration letter used by plaintiff did not reset the statute of limitations and the second action is untimely.

"A motion for leave to renew . . . shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221 [e] [2]). Although CPLR 2221 (e) does not set a time limit, courts have long recognized that, generally, "a motion for leave to renew based upon an alleged change in the law must be made prior to the entry of a final judgment, or before the time to appeal has fully expired" (*Deutsche Bank Natl. Trust Co. v Goldwasser*, 237 AD3d 1291, 1292 [3d Dept 2025] [internal quotation marks and citations omitted]). Since a final judgment has not been entered in this case the motion is timely. Under FAPA, where, like here, a mortgagee files a foreclosure action and accelerates the mortgage, the mortgagee cannot de-accelerate the mortgage (and toll the six-year limitation period) by voluntarily dismissing the action, with some exceptions (*see* CPLR 205-a [a]; 213 [4] [a]; 3217 [e]).

Initially, plaintiff's contention that defendants should have raised FAPA in the initial appeal, and therefore it is not a new change in law, is without merit. This Court's initial decision was issued on November 23, 2022, whereas FAPA was approved and became effective on December 30, 2022 (*see* L 2022, ch 821). Although defendants may have been aware of the pending law, this Court is not able to rely on pending legislation until it is enacted (*see Freedom Mtge. Corp. v Miller*, 224 AD3d 572, 573 [1st Dept 2024]). Contrary to plaintiff's contention, FAPA was intended to apply retroactively to cases "in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821 § 10*; see Bank of N.Y. Mellon v Richards*, 233 AD3d 1250, 1251 [3d Dept 2024; *U.S. Bank N.A. v Lynch*, 233 AD3d 113, 115-117 [3d Dept 2024]; *see also Citimortgage, Inc. v Goldstein*, 230 AD3d 1219, 1224 [2d Dept 2024]; *Maneri v Residential Funding Co., LLC*, 227 AD3d 796, 797-798 [2d Dept 2024]; *Genovese v Nationstar Mtge. LLC*, 223 AD3d 37, 44-45 [1st Dept 2023]).

As to the application of FAPA, it is undisputed that an acceleration of the full amount of the debt occurred in November 2012, when the first action was commenced, and that plaintiff commenced this second action in December 2018 (*see HSBC Bank, USA, N.A. v Bresler*, 212 AD3d at 4). The de-acceleration letter that this Court previously relied on to hold that the action was within the statute of limitations is no longer impactful because FAPA prohibits plaintiff from de-accelerating the mortgage in such a manner (*see* CPLR 3217 [e]; *Deutsche Bank Natl. Trust Co. v Goldwasser*, 237 AD3d at 1293). Indeed, these circumstances serve as the premise behind the enactment of FAPA,

-4- 534589

which is remedial in nature as it sought to correct misinterpretation of existing law that "allow[ed] noteholders to abuse the foreclosure process by manipulating and extending the statute of limitations to the detriment of homeowners" (*U.S. Bank N.A. v Lynch*, 233 AD3d at 117; *see FV-1, Inc. v Palaguachi*, 234 AD3d 818, 822 [2d Dept 2025]; *see also* Assembly Mem in Support, Bill Jacket, L 2022, ch 821 at 8; Senate Introducer's Mem in Support, Bill Jacket, L 2022, ch 821 at 98). Plaintiff attempts to distinguish this case from *U.S. Bank N.A. v Lynch* (233 AD3d at 115-117) and *Bank of N.Y. Mellon v Richards* (233 AD3d at 1250-1251) on the grounds that, unlike those cases which were "marked off" the calendar and "effectively abandoned," this case did not contain any of the same "abuse" of the foreclosure process that FAPA was enacted to correct. Such reliance is misplaced and belied by the record, as the first action was also "marked off," deemed abandoned and a motion to restore was denied, ultimately prompting the subject de-acceleration letter and resurrection of the 2012 default through a second action. Therefore, since the second action was brought more than six years after plaintiff accelerated the debt, it is barred by the statute of limitations applicable to foreclosure actions (*see* CPLR 213 [4]; RPAPL 1301 [3]; *Deutsche Bank Natl. Trust Co. v Goldwasser*, 237 AD3d at 1295). Thus, defendants' motion to renew is granted and this Court's previous decision is vacated. On the merits of the underlying appeal, pursuant to FAPA, defendants were entitled to summary judgment dismissing the complaint. Accordingly, we affirm the judgment of Supreme Court, albeit on different grounds.

Aarons, J.P., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.

-5-                    534589

ORDERED that the motion is granted, without costs, this Court's order entered November 23, 2022 vacated, and, upon renewal, the judgment of Supreme Court entered December 15, 2021 in Ulster County is affirmed, without costs.

ENTER:

*Robert D. Mayberger*

Robert D. Mayberger
Clerk of the Court