UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ADIRONDACK INSURANCE EXCHANGE,

                           Plaintiff,

    v.                                                  1:23-cv-1397
                                                         (ECC/DJS)

HSBC BANK, USA, N.A. ISAOA;
STEVEN A. BRESLER; and GERRY-LYNN
STOHR a/k/a or f/k/a GERRY-LYNN BRESLER,

                           Defendants.
_____

**Elizabeth C. Coombe, United States District Judge:**[1]

### ORDER

Plaintiff Adirondack Insurance Exchange (Adirondack) commenced this action against HSBC Bank, USA, N.A. ISAOA (HSBC); Steven A. Bresler; and Gerry-Lynn Stohr a/k/a or f/k/a Gerry-Lynn Bresler seeking declaratory judgments regarding claims under an insurance policy following a fire at a residential property owned by Bresler and Stohr and, at one point, encumbered by a mortgage held by HSBC. Dkt. No. 1. HSBC and Adirondack filed motions for partial summary judgment seeking declaratory judgments regarding the distribution of funds under the insurance policy. Dkt. Nos. 42, 49. The motions are fully briefed. Dkt. Nos. 50, 51, 56, 57, 58.

While the motions for partial summary judgment were pending, the Appellate Division, Third Department affirmed the decision dismissing HSBC's foreclosure action that had been simultaneously pending in state court, based on the retroactive application of the Foreclosure

---

[1] This case was originally assigned to Senior United States District Judge Thomas J. McAvoy and has since been reassigned to the undersigned.

Abuse Prevention Act (FAPA).  Dkt. No. 60 at 6.  Relying on that decision, Bresler has since represented in this case that HSBC "no longer holds a valid mortgage and, consequently, has no right of recovery under the insurance policy issued by Adirondack."  *Id.* at 1.  HSBC responded that its right to recover is not affected by the Third Department's decision, because HSBC had an insurable interest in the property on the date of the loss.  Dkt. No. 61 at 1-2.  In the alternative, HSBC argued that the Court should await "forthcoming decisions from the New York State Court of Appeals and Second Circuit regarding the constitutionality of FAPA before taking any further action" on the pending motions.  *Id.* at 2.  Adirondack took no position on whether HSBC maintains an interest in the subject property and policy as a mortgagee, but conceded that a determination as to whether or not HSBC has a valid claim as mortgagee under the policy is preliminary to a decision on Adirondack's' motion.  Dkt. No. 63.

On November 25, 2025, in response to a question certified by the Court of Appeals for the Second Circuit in *Article 13 LLC v. Ponce De Leon Fed. Bank,* Case No. 23-7247, the New York Court of Appeals issued an opinion holding, as relevant to this action, that the retroactive application of FAPA does not violate the due process protections of the New York State Constitution.  *Article 13 LLC v. Ponce De Leon Fed. Bank*, No. 96, 2025 WL 3272351, at *1 (N.Y. Nov. 25, 2025). The Second Circuit will now decide whether FAPA violates the U.S. Constitution. *Article 13 LLC v. Ponce De Leon Fed. Bank,* Case No. 23-7247.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *see Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003) ("[A] 'federal district court has the inherent power, in the exercise of its discretion, to stay an action.'" (quoting *Twenty First Century Corp. v.*

*LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992))). "Accordingly, the decision to issue a stay is 'firmly within a district court's discretion.'" *Tradewinds Airlines, Inc. v. Soros*, No. 08 Civ. 5901, 2009 WL 435298, at *3 (S.D.N.Y. Feb. 23, 2009) (quoting *Am. Shipping Line, Inc. v. Massan Shipping Indus.*, 885 F. Supp. 499, 502 (S.D.N.Y. 1995)); *see Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) ("[A] court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action.") (quoting *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986))). A court may determine that a stay is appropriate and "in the interest of judicial economy, . . . pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed." *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005).

There are five factors that the court should consider when deciding whether to exercise its discretion to enter a stay:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil ligation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Fairbank Reconstruction Corp. v. Greater Omaha Packaging Co.*, No. 13-cv-907, 2014 WL 693001, at *1 (W.D.N.Y. 2014).

Assessing the various interests, the Court finds that a stay in this case is warranted pending the Second Circuit's decision in *Article 13 LLC*.[2] The issues before the Second Circuit are relevant

---

[2] In its initial submission, HSBC requested the Court stay a decision on the pending motions until both the Court of Appeals and the Second Circuit reach a determination as to the constitutionality of retroactively applying FAPA. Dkt. No. 61. To the extent HSBC abandoned that request in its response to Bressler's supplemental briefing, Dkt. No. 70, the Court is empowered to decide in its own discretion to stay this action under the circumstances. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 96 (2d Cir. 2012) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

to the legal issues raised in this case.  Namely, the Second Circuit's determination as to the constitutionality of FAPA may have direct implications on the state court action in which the foreclosure action was dismissed against Bresler, based on the retroactive application of FAPA.  Bresler relies on the dismissal of the foreclosure action as support for his position in the pending motions before this Court that "HSBC no longer holds a valid mortgage and, consequently, has no right of recover under the insurance policy issued by Adirondack."  Dkt. No. 60.  HSBC disputes this implication, arguing that it is entitled to the policy proceeds regardless of the outcome of the underlying foreclosure action.  Regardless, to the extent the Second Circuit's decision in *Article 13 LLC* may dictate, among other things, the legality of HSBC's foreclosure action, it is relevant to the issues surrounding HSBC's insurable interest in the instant action.

Although it is not immediately clear how long it will be before the Second Circuit issues its decision in *Article 13 LLC*, such a short-term stay is unlikely to adversely impact the parties in this case.  Moreover, the Court and the parties share an interest in conserving resources while a case is pending that may clarify issues raised in the instant case. The public interest does not counsel a different result, nor do the interests of any possible nonparties to this litigation.

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court **STAY** this action.  The parties shall file a joint letter within seven (7) days of the Second Circuit's decision in *Article 13 LLC*.

**IT IS SO ORDERED.**

Dated:  January 15, 2026

Elizabeth C. Coombe
U.S. District Judge

---

of time and effort for itself, for counsel, and for litigants.") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)))); *see also Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("'[A] court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action.'"); *SEC v. Dresser Indus.*, 628 F.2d 1368, 1372 (D.C. Cir. 1980).