**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ADIRONDACK INSURANCE EXCHANGE,

Plaintiff,

1:23-cv-1397
(ECC/DJS)

v.

HSBC Bank, USA, N.A. ISAOA, STEVEN A. BRESLER, and GERRY-LYNN STOHR, also known as Gerry-Lynn Bresler,

Defendants.

Scott D. Storm, Esq., *for Plaintiff*
Ryan A. Lema, Esq., *for Defendant HSBC Bank*
Craig A. Blumberg, Esq., *for Defendant Steven A. Bresler*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**ORDER**

Plaintiff Adirondack Insurance Exchange (Adirondack) brings this statutory interpleader action against Defendants HSBC Bank, USA, N.A. ISAOA (HSBC), Steven A. Bresler, and Gerry-Lynn Stohr a/k/a or f/k/a Gerry-Lynn Bresler seeking declaratory judgments regarding claims under an insurance policy following a fire at a residential property owned by Bresler and Stohr and, at one point, encumbered by a mortgage held by HSBC. *See* Dkt. No. 1.

The federal interpleader statute confers original jurisdiction on federal district courts if (1) "[t]wo or more adverse claimants, of diverse citizenship . . . , are claiming or may claim" entitlement to "money or property of the value of $500 or more," and (2) the plaintiff "has deposited such money or property . . . into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper." 28 U.S.C. § 1335(a); *see N.Y. Life Ins. Co. v. Sahani*, 730

F. App'x 45, 48-49 (2d Cir. 2018) (summary order). To adequately allege these jurisdictional requirements are satisfied, a plaintiff must allege that: "(1) it is in possession of a single fund of value greater than $500; (2) the action involves two or more adverse claimants of diverse citizenship; (3) it has deposited or is depositing the fund with the court; and (4) it has a real and reasonable fear of double liability or vexatious, conflicting claims." *Verner v. Harmon*, No. 25-cv-6530, 2026 WL 1696831, at *1 (S.D.N.Y. June 11, 2026) (citation omitted).

Here, Plaintiff alleges that it possesses a fund of more than $500. *See* Dkt. No. 81 at 3.[1] Further, it is alleged that the adverse claimants are of diverse citizenship: HSBC Bank is a citizen of Virginia, Mr. Bresler is a citizen of New York, and Ms. Stohr is a citizen of Florida. *See* Dkt. No. 1 ¶¶ 3-4; Dkt. No. 15. Plaintiff also alleges that it has a real and reasonable fear of conflicting claims to the fund. *See generally* Dkt. No. 1.

However, the fund has not been deposited with the Court, which at a minimum is a condition of the Court's maintaining jurisdiction over this action. *See Sahani*, 730 F. App'x at 49 ("[C]ourts disagree over whether deposit is a prerequisite to jurisdiction or a condition of maintaining jurisdiction.") (citations omitted); *see id.* at 49 (noting that any jurisdictional defect was cured *nunc pro tunc* where the plaintiff made a deposit before the entry of final judgment). Adirondack represents that it is undisputed that it owes one or more Defendants the payment of $273,998.71 and is prepared to deposit this amount with the Court.

Accordingly, Plaintiff shall, by September 11, 2026, either deposit the amount of $273,998.71 with the Court or show cause why the case should not be dismissed for failure to

---

[1] At the Court's request, Adirondack and HSBC provided additional information regarding the basis for subject-matter jurisdiction in this action. *See* Dkt. Nos. 74, 81, 82.

deposit the disputed fund with the Court. This Order may be served on the Clerk of Court pursuant to N.D.N.Y. Local Rule 67.1 to effectuate the deposit.

For these reasons, it is hereby

**ORDERED** that Plaintiff shall, by September 11, 2026, either deposit the amount of $273,998.71 with the Court or show cause why the case should not be dismissed for failure to deposit the disputed fund with the Court; and it is further

**ORDERED** that this Order may be served on the Clerk of Court pursuant to N.D.N.Y. Local Rule 67.1 to effectuate the deposit.

**IT IS SO ORDERED.**

Dated: September 3, 2026

Elizabeth C. Coombe
U.S. District Judge