UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ADIRONDACK INSURANCE EXCHANGE,

Plaintiff,

vs.

HSBC BANK, USA, N.A.
a/k/a HSBC BANK, USA, N.A. ISAOA;
STEVEN A. BRESLER; and GERRY-LYNN STOHR
a/k/a or f/k/a GERRY-LYNN BRESLER.

Defendants.

**AMENDED COMPLAINT**

Case No. 1:23-CV-1397 (ECC/DJS)

Plaintiff, ADIRONDACK INSURANCE EXCHANGE, by and through its attorneys, HURWITZ FINE, P.C., as and for its Amended Complaint herein, alleges upon information and belief, as follows:

**THE PARTIES**

1. Plaintiff ADIRONDACK INSURANCE EXCHANGE ("Adirondack") is a reciprocal insurer formed under the insurance laws of the State of New York, and is an insurance company authorized to transact the business of property and casualty insurance in the State of New York.

2. Upon information and belief, Defendant HSBC BANK, USA, N.A. a/k/a HSBC BANK, USA, N.A. ISAOA ("HSBC") is a National Association organized under the laws of the United States, that the state listed in its articles of association as the state where its main office is located is Virginia.

3. Upon information and belief, defendant STEVEN A. BRESLER ("Mr. Bresler") was at all relevant times, and still is, an individual residing in the State of New York, town of

Woodstock.

4. Upon information and belief, defendant GERRY-LYNN STOHR a/k/a or f/k/a GERRY-LYNN BRESLER ("Ms. Stohr") is an individual residing in the State of Florida.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this matter under 28 USCS § 1335(a) in that it involves two or more adverse claimants of diverse citizenship and the matter in controversy exceeds $500.00; together with supplemental jurisdiction pursuant to 28 USCS § 1367(a) over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

6. Should the Court determine that two or more parties may recover under the subject insurance policy, Adirondack seeks a declaration pursuant to 28 USCS § 1335 as to the respective interests of each party in the insurance proceeds and the amount each party is entitled to recover thereunder.

7. Adirondack has in its possession a certain amount of money which may be paid at this time to one or more defendants pursuant to the terms of a policy of insurance but for the claims of adverse claimants or claims which may be made by adverse claimants.

8. Adirondack will deposit said amount into the court registry upon order of this Court, as required by Fed. R. Civ. P. 67(a) and Local Rule of Practice 67.1(a).

9. Pursuant to 28 USCS § 2201(a), this Court may declare the rights and other legal relations of the parties as a case of actual controversy exists within its jurisdiction, that declaration having the force and effect of a final judgment or decree.

10. This Court may render its declaration as the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and it will terminate and afford relief from

uncertainty and controversy giving rise to the proceeding.

11. Venue is proper in this district under 28 USCS § 1391(b) as, among other things, the property which is the subject of this insurance coverage dispute, and the related mortgage foreclosure action, are located within this district; and a substantial part of the events giving rise to the claim occurred here.

**NATURE OF THE ACTION**

12. On or about October 5, 2022, Mr. Bresler experienced a fire at 3 Rock Ledge Road, Woodstock, New York 12498 ("Subject Property") causing damage to the Dwelling and Personal Property.

13. Adirondack issued a Homeowners Policy of insurance, policy number 2003603388, to Steven A. Bresler as the named insured for the policy period March 21, 2022 to March 21, 2023 ("Subject Policy"), with respect to the Subject Property, the terms, provisions, exclusions, conditions and limitations of which policy speak for themselves, are incorporated herein by reference, as if fully set forth herein, and are for this Court's legal interpretation, where appropriate. A copy of the Subject Policy is attached as **Exhibit A** and incorporated by reference as if fully set forth herein.

14. Mr. Bresler submitted a claim to Adirondack under the Subject Policy for the damage to the Subject property.

15. During Adirondack's investigation of the claim coverage issues became apparent, including but not limited to, the Defendants' interests, if any, in the Subject Property and the right of recovery, if any, by the Defendants under the Subject Policy for the damage to the Subject Property.

16. Mr. Bresler is the sole named insured on the Subject Policy.

17. Mr. Bresler is named on the deed to the Subject Property.

18. Ms. Stohr is the former spouse of Steven A. Bresler.

19. The interests of Mr. Bresler and Ms. Stohr in the Subject Property may be subject to, in whole or in part, a marital agreement between them.

20. Ms. Stohr is named on the deed to the Subject Property.

21. Ms. Stohr is not a named insured on the Subject Policy and does not qualify as an "insured" under the Subject Policy.

22. The Subject Policy names Defendant HSBC Bank, USA, N.A. ISAOA as a mortgagee.

23. Steven A. Bresler is a debtor on the mortgage with HSBC.

24. Ms. Stohr is a debtor on the mortgage with HSBC.

25. Upon information and belief, the amount owed by Mr. Bresler and/or Ms. Stohr on the mortgage exceeds the value of the repair costs to the Dwelling caused by the fire.

**<u>FORECLOSURE PROCEEDING</u>**

26. Defendants, Mr. Bresler and Ms. Stohr, borrowed money from HSBC in which the Subject Property served as collateral for the loan through a mortgage.

27. Defendant HSBC initiated foreclosure litigation in the Supreme Court of the State of New York, Ulster County, captioned *HSBC BANK USA NA v. GERRY-LYNN BRESLER et al*, Index No. EF2018-4400.

28. That litigation is and has been ongoing, including whether HSBC continues to have an interest in the Subject Property as mortgagee.

**<u>SUBJECT POLICY</u>**

29. The Subject Policy provides in pertinent part as follows in the "HOMEOWNERS

SPECIAL FORM", policy form no. HO 3000 01 06:

**AGREEMENT**

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

**DEFINITIONS**

**A.** In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the Company providing this insurance.

**B.** In addition, certain words and phrases are defined as follows:

*****

**5.** "Insured" means:

**a.** You and residents of your household who are:

**(1)** Your relatives; or

**(2)** Other persons under the age of 21 and in the care of any person described in **a. (1)** of this provision;

*****

**SECTION I – CONDITIONS**

**A. Insurable Interest And Limit Of Liability**

Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:

**1.** To an "insured" for more than the amount of such "insured's" interest at the time of loss; or

**2.** For more than the applicable limit of liability.

*****

**K. Mortgage Clause**

**1.** If a mortgagee is named in this policy, any loss payable under Coverage **A** or **B** will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

**2.** If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

**a.** Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

**b.** Pays any premium due under this policy on demand if you have neglected to pay the premium; and

**c.** Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Paragraphs **E.** Appraisal, **G.** Suit Against Us and **I.** Loss Payment under Section **I** – Conditions also apply to the mortgagee.

**3.** If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or non-renewal takes effect.

**4.** If we pay the mortgagee for any loss and deny payment to you:

**a.** We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

**b.** At our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

**5.** Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

## AS AND FOR A FIRST CAUSE OF ACTION

30. Adirondack reasserts and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31. The Subject Policy provides that even if more than one person has an insurable interest in the property covered, Adirondack will not be liable in any one loss to an "insured" for more than the amount of such "insured's" interest at the time of loss. "HOMEOWNERS SPECIAL FORM", policy form no. HO 3000 01 06, "SECTION I – CONDITIONS", "A. Insurable Interest And Limit of Liability".

32. Mr. Bresler may have an interest in the Dwelling of the Subject Property as of the date of the fire by virtue of him being named on the deed and a debtor on the mortgage, as well as pursuant to the marital agreement.

33. Mr. Bresler is the named insured on the Subject Policy.

34. In the event of a Declaration by this Court that Mr. Bresler may recover on the Subject Policy under "SECTION I - PROPERTY COVERAGES", "Coverage A – Dwelling", which is disputed, that recovery is limited by his interest in the Dwelling.

35. Ms. Stohr may have an interest in the Dwelling as of the date of fire by virtue of her being named on the deed and as a debtor on the mortgage, as well as pursuant to the marital agreement.

36. Ms. Stohr is not a named insured under Subject Policy, does not qualify as an "insured", and has no right of recovery under its provisions.

37. Ms. Stohr's interest in the Dwelling, if any, is not covered under the Subject Policy.

38. HSBC may have an interest in the Dwelling by virtue of a continuing mortgage interest.

39. HSBC may have a recovery interest under the Subject Policy as it is a named mortgagee on the Subject Policy.

40. HSBC's interest in recovering under the policy, if any, is limited to the interest of and may be no more than that of the named insured, Mr. Bresler.

41. Pursuant to New York law, if HSBC has an interest in the Dwelling of the Subject Property and right of recovery under the Subject Policy, its interest is superior to that of Mr. Bresler with respect to recovery under the Subject Policy.

42. Upon information and belief, the amounts owed by Mr. Bresler and/or Ms. Stohr on the mortgage exceed the amount of the damage to the Dwelling of the Subject Property caused by the fire.

43. Adirondack is entitled to a declaratory judgment that Ms. Stohr is not entitled to recover any insurance proceeds under the Subject Policy.

44. If Mr. Bresler is determined to have a right of recovery under the Subject Policy, which is disputed, Adirondack is entitled to a declaratory judgment that his recovery is limited according to the terms of the Subject Policy by his interest in the Dwelling of the Subject Property, as well as the amount of damages.

45. Adirondack is entitled to a declaratory judgment deciding whether HSBC has a recovery interest under the Subject Policy as mortgagee, the amount of that interest, and the priority of its interest with respect to any other parties who may be determined to be entitled to recovery under the Subject Policy, as well as the amount of damages.

46. Adirondack may have this Court declare the rights and legal relations of the parties, clarifying and settling the legal relations in issue, terminating and affording relief from uncertainty and controversy giving rise to the proceeding.

**AS AND FOR A SECOND CAUSE OF ACTION**

47. Adirondack reasserts and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48. The Subject Policy provides that even if more than one person has an insurable interest in the property covered, Adirondack will not be liable in any one loss to an "insured" for more than the amount of such "insured's" interest at the time of loss. "HOMEOWNERS SPECIAL FORM", policy form no. HO 3000 01 06, "SECTION I – CONDITIONS", "A. Insurable Interest And Limit of Liability".

49. Mr. Bresler may have an interest in the Personal Property as of the date of the fire.

50. Mr. Bresler is a named insured on Subject Policy.

51. In the event of a Declaration by this Court that Mr. Bresler may recover on the Subject policy under "SECTION I - PROPERTY COVERAGES', "Coverage C – Personal

Property", which is disputed, that recovery is limited by his interest in the Personal Property.

52. Ms. Stohr may have an interest in the Personal Property as of the date of fire by, among other things, virtue of the marital agreement.

53. Ms. Stohr is not a named insured under Subject Policy, does not qualify as an "insured", and has no right of recovery under its provisions.

54. Ms. Stohr's interest in the Personal Property is not covered under the Subject Policy.

55. Adirondack is entitled to a declaratory judgment that Ms. Stohr is not entitled to recover any insurance proceeds under the Subject Policy.

56. If Mr. Bresler is determined to have a right of recovery under the Subject Policy, which is disputed, Adirondack is entitled to a declaratory judgment that his recovery is limited according to the terms of the Subject Policy by his interest in the Personal Property, as well as the amount of damages.

57. Adirondack may have this Court declare the rights and other legal relations of the parties, clarifying and settling the legal relations in issue, terminating and affording relief from uncertainty and controversy giving rise to the proceeding.

**WHEREFORE**, Plaintiff, ADIRONDACK INSURANCE EXCHANGE, seeks an order, judgment and declaratory judgment of this Court as to the rights and liabilities of the parties hereto and against the Defendants, HSBC BANK, USA, N.A. a/k/a HSBC BANK, USA, N.A. ISAOA; STEVEN A. BRESLER; and GERRY-LYNN STOHR, as follows:

1. interpreting and enforcing the Subject Policy pursuant to its terms, provisions, exclusions, conditions and limitations;

2. that Gerry-Lynn Bresler is not entitled to recover any insurance proceeds under the

Subject Policy;

3. that Steven A. Bresler is precluded from recovery under the Subject Policy or, in the alternative, that his recovery under the Subject Policy is limited pursuant to the terms of the policy and New York law;

4. whether HSBC has a recovery interest under the Subject Policy as mortgagee, the amount of any interest, and the priority of recovery with respect to any interest it may have in relation to any and all other parties determined to be entitled to recover under the Subject Policy;

5. clarifying and settling the legal relations in issue, terminating and affording relief from uncertainty and controversy giving rise to the proceeding;

6. interpleader relief pursuant to 28 USCS § 1335(a);

7. limiting any recovery by the parties pursuant to the terms, provisions, exclusions, conditions and limitations of the Subject Policy of insurance;

8. determining the amount of damages;

9. awarding Adirondack attorneys' fees, costs, and disbursements; and

10. such other and further relief as to this Court may find just, proper and equitable.

DATED: Buffalo, New York
September 10, 2026

HURWITZ FINE, P.C.

Scott D. Storm, Esq.
*Attorneys for Plaintiff*
*ADIRONDACK INSURANCE EXCHANGE*
1300 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 849-8900
sds@hurwitzfine.com

c: Craig A. Blumberg
Law Office of Craig A. Blumberg
*Attorney for Defendant*
*Steven A. Bresler*
15 Maiden Lane
New York, NY 10038
Phone: (212)346-0808
Email: craig@lawofficecab.com

Ryan A. Lema
Phillips Lytle, LLP
*Attorneys for HSBC Bank, USA, N.A.*
*a/k/a HSBC Bank, USA, N.A. ISAOA*
One Canalside
125 Main Street
Buffalo, N.Y. 14203
relma@phillipslytle.com